[No. F013404. Fifth Dist. Mar. 7, 1991.]█

McFARLAND UNIFIED SCHOOL DISTRICT, Petitioner, v. PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent; McFARLAND TEACHERS ASSOCIATION, CTA/NEA, Real Party in Interest.

**[Opinion certified for partial publication.‡]**

‡Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III and IV.

**COUNSEL**

Fekete, Carton, Hartsell, Chambers, Grass, Ronich & Peters and Stephen L. Hartsell for Petitioner.

John W. Spittler and Jennifer A. Chambers for Respondent.

A. Eugene Huguenin, Jr., Beverly Tucker, Diane Ross and Ramon Romero for Real Party in Interest.

**OPINION**

**STONE (W.A.), J.**—The petition of the McFarland Unified School District (District) presents two issues: (1) whether the record and applicable law

support the conclusion of respondent, the Public Employment Relations Board (PERB) that the District discriminated against Vicki Stephens-Weaver, a probationary schoolteacher, by not reelecting her to teach at McFarland High School on the basis of her exercising rights as a member of real party in interest, the McFarland Teachers Association, CTA/NEA (Association), and (2) whether the PERB had authority to order reinstatement as a make-whole remedy in light of the District's statutory authority to determine whether a probationary employee should be granted tenure.

## Part I

### The Case

An administrative law judge (ALJ) initially decided the matter as an agent of the PERB. The PERB adopted the factual findings of the ALJ. Although the District challenges the ultimate finding of discrimination, it does not question the ALJ's factual summary. Therefore, we adopt as part II of this opinion that factual summary and will recite additional evidence of specific events when it becomes relevant to our analysis of the issues presented. Because a detailed recitation of the facts is not necessary for a discussion of the issue we publish, we have omitted the statement of facts from publication.

### Parts II-IV*

. . . . . . . . . . . . . . . . . . . . .

## Part V

### Reinstatement as a Remedy

In part IV we have determined substantial evidence supports the PERB's conclusion the District chose not to rehire Stephens-Weaver for an illegal reason—her participation in protected activity and that other, lawful reasons advanced before the ALJ were pretextual. The question is what is the proper remedy?

---

* See footnote, *ante*, page 166.

The PERB ordered Stephens-Weaver's reinstatement as a tenured teacher, a remedy the District argues impermissibly interferes with its authority to decide whether to grant tenure to a probationary teacher. The District argues the matter must be remanded for it to make the decision independently and without consideration of the unlawful reason.

The Association argues that to remand the matter to the District to reconsider the issue of rehiring Stephens-Weaver and, thus, to give her tenure, would allow the District to circumvent the PERB's ruling since the District can choose not to rehire her without cause or reason. (*Grimsley* v. *Board of Trustees* (1987) 189 Cal.App.3d 1440 [235 Cal.Rptr. 85].) Such a disposition would violate the well-established principle that for every wrong there is a remedy. (Civ. Code, § 3523.)

There is no question but that the final determination about rehiring probationary teachers lies within the discretion of the governing board and that tenure can be denied for any lawful reason regardless of the sufficiency of the cause. (Ed. Code, § 44929.21, formerly Ed. Code § 44882, subd. (b); *Grimsley* v. *Board of Trustees, supra,* 189 Cal.App.3d 1440; *Mt. San Antonio College Faculty Assn.* v. *Board of Trustees* (1981) 125 Cal.App.3d 27, 34-35 [177 Cal.Rptr. 810]; *San Diego Comm. College Dist.* (1983) PERB No. 368.) Neither the PERB nor this court can review the sufficiency of cause for denying tenure. However, the District has cited no authority, nor can it, for the proposition that its power to deny tenure for any lawful reason insulates it from the scrutiny of the PERB when an unfair labor practice complaint alleges that tenure was denied in retaliation for the exercise of a protected right.

The initial determination regarding whether there has been an unfair labor practice and what shall be the remedy is within the exclusive jurisdiction of the PERB. (Gov. Code, § 3541.5.) In fashioning a remedy, the PERB has the express authority to order reinstatement. (*Ibid.*) The fact that Stephens-Weaver will automatically obtain tenure as a result of reinstatement does not mean that the PERB is interfering with the District's authority to establish and regulate tenure. It merely gives effect to the determination that Stephens-Weaver would not have been denied tenure but for her exercise of protected rights. The reinstatement order was not in excess of the PERB's authority.

## DISPOSITION

The petition is denied. Costs in this proceeding in the amount of $1,268.65 are awarded to respondent.

Best, P. J., and Dibiaso, J., concurred.