[No. B114232. Second Dist., Div. Three. Feb. 22, 1999.]

ANDREW FISCHER et al., Plaintiffs and Respondents, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants and
Appellants.

88

## COUNSEL

Howard Friedman for Defendants and Appellants.

Best Best & Krieger, Christina L. Dyer and John F. Walsh for Education Legal Alliance of the California School Boards Association as Amicus Curiae on behalf of Defendants and Appellants.

Atkinson, Andelson, Loya, Ruud & Romo and Warren S. Kinsler for Santa Monica-Malibu Unified School District as Amicus Curiae on behalf of Defendants and Appellants.

Law Offices of Lawrence B. Trygstad, Lawrence B. Trygstad and Richard J. Schwab for Plaintiffs and Respondents.

Michael R. Clancy and Arnie R. Braafladt for California School Employees Association as Amicus Curiae on behalf of Plaintiffs and Respondents.

Beverly S. Tucker and Priscilla Winslow for California Teachers Association as Amicus Curiae on behalf of Plaintiffs and Respondents. ·

## OPINION

### KITCHING, J.—

#### INTRODUCTION

In this appeal, we reconcile provisions of the Education Code, which give a board of education an absolute right not to reelect[1] probationary employees, with the open meeting requirement of the Ralph M. Brown Act, which requires that certain employees be given written notice of a right to have "specific complaints or charges" against them heard in open session. We conclude that Government Code section 54957[2] and Education Code section 44929.21 permit a school board not to reelect probationary teachers in a closed session, and that an evaluation of performance of a probationary teacher does not constitute the bringing of "specific complaints or charges" so as to require 24-hour written notice provided by section 54957.

The Ralph M. Brown Act (§ 54950 et seq.; the Brown Act) requires local legislative bodies, including boards of education, to conduct open and public sessions. The Brown Act contains a "personnel exception" that allows local legislative bodies to hold closed sessions to act on matters such as the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee. The Brown Act also requires 24-hour written notice to the public employee of the right to have an open session when the local Legislature hears specific complaints or charges brought against the employee by another person or employee. The probationary teachers contend that under the circumstances, the school board violated section 54957 by not giving them proper notice. We reject that contention and reverse a judgment that granted a petition for writ of mandamus in favor of those probationary employees.

---

[1] If a school board decides to "reelect" a probationary teacher in the second probationary year, that teacher becomes a permanent employee when the next school year begins. (Ed. Code, § 44929.21, subd. (b).) If a school board has complied with Education Code section 44929.21 and decides not to reelect a probationary teacher in the second probationary year, the probationary teacher's employment terminates when the school year ends. (*Grimsley* v. *Board of Trustees* (1987) 189 Cal.App.3d 1440, 1446 [235 Cal.Rptr. 85].) Although the Education Code does not use the term, we will follow the custom of calling a decision not to reelect "nonreelection."

[2] Unless otherwise specified, citations to statutes in this opinion will refer to the Government Code.

## FACTS

Andrew Fischer, Michael Hudson, Paul Sternfeld, and Leroy Jackson (collectively, the probationary teachers) were probationary teachers employed by the Los Angeles Unified School District. On June 30, 1995, the probationary teachers filed a petition for writ of mandate (Code Civ. Proc., § 1085) naming as respondents the Los Angeles Unified School District (the District) and the Board of Education of the Los Angeles Unified School District (the Board). The probationary teachers, certificated employees with the District, were given probationary contracts in the fall of 1993, and 1993-1994 was their first probationary year. The probationary teachers were reelected for 1994-1995, their second probationary year. The District was required to give probationary teachers notice that they were not reelected before March 15, 1995. The Board received a package of documents concerning job performance for each probationary teacher and a staff recommendation not to reelect the probationary teachers. The Board voted to nonreelect. The District served the probationary teachers with letters of nonreelection on February 28, 1995. The petition for writ of mandate alleged that the letters, and the Board's decision not to reelect the probationary teachers in a closed executive session, violated section 54957.

Section 54957 contains exceptions to the open meeting requirement of the Brown Act. The exception relevant to this appeal, the personnel exception, authorizes a legislative body of a local legislature to hold closed sessions to consider employment and disciplinary matters. This authorization of closed sessions is itself subject to an exception if the legislative body is hearing "specific complaints or charges brought against an employee by another person or employee." The scope of this latter exception gives rise to this appeal.

The probationary teachers claim that on February 27, 1995, in a closed executive session, the Board considered specific complaints or charges against each of them and decided not to reelect them. The petition claims that the District and the Board violated the second paragraph of section 54957 by not giving the probationary teachers statutory notice of the closed session. The petition alleges that this violation made the Board's action taken in the closed executive session null and void.

The trial court granted the petition. The judgment ordered that a peremptory writ of mandate issue commanding the District and the Board to reinstate and classify Fischer, Jackson, Hudson, and Sternfeld as permanent employees as of July 1, 1995, and to pay them back salary and benefits from July 1, 1995, until they were reinstated. The District and the Board filed a timely notice of appeal.

CONTENTIONS

The District and the Board contend that because the Board did not hear specific complaints and charges, the probationary teachers were not entitled to 24-hour written notice of their right to request an open session.

The probationary teachers argue that the Board heard specific complaints and charges, that section 54957 required 24-hour notice of the probationary teachers' right to have complaints and charges heard in open session; that the probationary teachers had a right to answer and defend themselves against those complaints and charges in the open session; and that therefore the Board's nonreelection of them is null and void.

DISCUSSION

1. *Standard of Review*

The probationary teachers argue that the substantial evidence standard of review applies because the trial court ruled on disputed facts. The Board and District argue that because the facts are not disputed, this court should apply the de novo or independent review standard.

■ Since this appeal involves issues of statutory interpretation, this court engages in de novo review of the trial court's determination to issue a writ of mandate. (*Pomona Police Officers' Assn.* v. *City of Pomona* (1997) 58 Cal.App.4th 578, 584 [68 Cal.Rptr.2d 205]; *Jefferson* v. *Compton Unified School Dist.* (1993) 14 Cal.App.4th 32, 37-38 [17 Cal.Rptr.2d 474].)

2. *The Education Code Gives the Board of Education Broad Authority to Nonreelect Probationary Teachers*

Education Code section 44929.21, subdivision (b) classifies certificated school district employees as "permanent" or "probationary." Permanent employees have tenure and may be dismissed only for cause after a hearing. (Ed. Code, §§ 44955, 44932-44937.)

In their first and second years, probationary employees are "reelected" for an additional year or are "nonreelected," in which case their teaching contract ends when the school year ends. As stated in Education Code section 44929.21, subdivision (b), if a probationary teacher, in the second year, is reelected for a third year, that teacher becomes a permanent employee. The statute also requires notice of nonreelection. Education Code section 44929.21, subdivision (b) states in relevant part that a school district employee who, "after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position

requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district. [¶] The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year."

■ If a school board complies with Education Code section 44929.21, subdivision (b), it has broad discretion in deciding whether to reelect or nonreelect probationary employees. (*Bellflower Education Assn.* v. *Bellflower Unified School Dist.* (1991) 228 Cal.App.3d 805, 808 [279 Cal.Rptr. 179].) Probationary teachers have no vested right to be rehired for the next school year. (*Turner* v. *Board of Trustees* (1976) 16 Cal.3d 818, 824 [129 Cal.Rptr. 443, 548 P.2d 1115].) "[S]chool districts have the absolute right to decide not to reelect probationary teachers without providing cause or other procedural protections to the terminated employees[.]" (*Board of Education* v. *Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 281 [52 Cal.Rptr.2d 115, 914 P.2d 193].) Except for different requirements in the case of a layoff or a midterm termination or suspension,[3] a school district is "permitted by statute to choose not to reelect a probationary teacher for the ensuing school year without any showing of cause, without any statement of reasons, and without an administrative hearing or appeal, as long as the district gives notice to the teacher on or before March 15 of the employee's second year of employment." (*Id.* at p. 279; see also *Bellflower Education Assn.* v. *Bellflower Unified School Dist., supra,* 228 Cal.App.3d at p. 811, and *Grimsley* v. *Board of Trustees, supra,* 189 Cal.App.3d 1440.) The school board can base its final determination about reelection or nonreelection of probationary teachers on any lawful reason regardless of the sufficiency of the cause. (*McFarland United School Dist.* v. *Public Employment Relations Bd.* (1991) 228 Cal.App.3d 166, 169 [11 Cal.Rptr.2d 405].)

---

[3]The probationary educational employee has less employment security than permanent employees. As set forth in Education Code section 44955, subdivision (a), termination of a probationary employee requires a hearing in two circumstances. First, a hearing is required if the probationary employee is dismissed for cause during the school year pursuant to Education Code section 44948. Second, a hearing is required if falling student attendance, reduction or discontinuance of a particular kind of service, or curriculum modification forces a reduction in the number of employees. (Ed. Code, §§ 44949, subd. (a) and 44955, subd. (b); *Cousins* v. *Weaverville Elementary School Dist.* (1994) 24 Cal.App.4th 1846, 1852 [30 Cal.Rptr.2d 310].) The personnel exception of section 54957 does not apply to school board meetings to consider such matters. (*Santa Clara Federation of Teachers* v. *Governing Board* (1981) 116 Cal.App.3d 831, 846 [172 Cal.Rptr. 312].)

The provisions of the Education Code giving a board of education the absolute right not to reelect probationary employees must be reconciled with the open meeting requirements of the Brown Act.

*3. The Brown Act Allows a Local Legislative Body to Consider Personnel Matters in Closed Session. Notice of the Right to Request an Open Session Is Required Only When the Local Legislative Body Hears Specific Complaints and Charges Against an Employee*

■ The Brown Act requires open public meetings and gives people the right to attend meetings of local legislative bodies, subject to statutory exceptions. (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 825 [25 Cal.Rptr.2d 148, 863 P.2d 218].) The Brown Act establishes the general rule that "meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter." (§ 54953, subd. (a).) The Brown Act has the objective of facilitating public participation in local government decisions and curbing misuse of the democratic process by secret legislation. (*Cohan* v. *City of Thousand Oaks* (1994) 30 Cal.App.4th 547, 555 [35 Cal.Rptr.2d 782].)

■ The school board of a school district constitutes a "legislative body" of a "local agency." (§§ 54951, 54952.) Thus the Board is subject to the requirements of the Brown Act, and must conduct its meetings in open sessions unless a statutory exception authorizes a closed or executive session. Section 54962 states: "Except as expressly authorized by this chapter . . . or by any provision of the Education Code pertaining to school districts and community college districts, no closed session may be held by any legislative body of any local agency."

Section 54957 creates "the personnel exception" to the open meeting requirement. Section 54957 states in relevant part: "Nothing contained in this chapter shall be construed to prevent the legislative body of a local agency from holding closed sessions with the Attorney General, district attorney, sheriff, or chief of police, or their respective deputies, on matters posing a threat to the security of public buildings or a threat to the public's right of access to public services or public facilities, or from holding closed sessions during a regular or special meeting to consider the appointment, employment, *evaluation of performance*, discipline, or dismissal of a public employee *or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session.*

*"As a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee,* the

employee shall be given written notice of his or her right to have the complaints or charges heard in an open session rather than a closed session, which notice shall be delivered to the employee personally or by mail at least 24 hours before the time for holding the session. If notice is not given, any disciplinary or other action taken by the legislative body against the employee based on the specific complaints or charges in the closed session shall be null and void." (Italics added.)

Thus section 54957 authorizes a local legislative body to hold a closed session to consider "personnel matters," which the statute defines as the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee. It also authorizes a local legislative body to hold a closed session to hear complaints or charges brought against a public employee by another person or employee, "unless the employee requests a public session." Paragraph two of section 54957 sets forth the notice that a local legislative body must provide to the employee "[a]s a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee[.]"

■ The purposes of the personnel exception are (1) to protect employees from public embarrassment and (2) to permit free and candid discussions of personnel matters by a local governmental body. This exception should be narrowly construed. (*San Diego Union* v. *City Council* (1983) 146 Cal.App.3d 947, 955 [196 Cal.Rptr. 45].)

■ The interpretation of section 54957 begins with its first paragraph. In the first paragraph, the phrase "unless the employee requests a public session" modifies only the phrase nearest to it, i.e., "or to hear complaints or charges brought against [an] employee," and does not modify the earlier phrase "to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee." Thus the right to request a "public" (or, in the second paragraph, an "open") session applies only when the local legislative body hears specific complaints or charges brought against the employee. Several reasons lead us to adopt this interpretation of section 54957.

In the latter part of the first paragraph of section 54957, the word "or" divides two phrases. "[T]o consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee" precedes the disjunctive "or," followed by "to hear complaints or charges brought against the employee by another person or employee." ■ An accepted rule of statutory construction holds that qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. (*White* v.

*County of Sacramento* (1982) 31 Cal.3d 676, 680 [183 Cal.Rptr. 520, 646 P.2d 191].) ▮ "Pursuant to this rule, the qualifying phrase concerning an employee's request for a public session refers only to situations where the Board is hearing complaints or charges against the employee." (*Furtado* v. *Sierra Community College* (1998) 68 Cal.App.4th 876, 881 [80 Cal.Rptr.2d 589].) By using the disjunctive "or" before the final clause of the first paragraph of section 54957, the Legislature chose not to extend the 24-hour written notice requirement to appointment, employment, evaluation of performance, discipline, or dismissal.

The second paragraph of section 54957 supports this interpretation. The second paragraph specifies what kind of notice the employee should receive, but defines the right narrowly: "As a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee, the employee shall be given written notice of his or her *right to have the complaints or charges heard in an open session* rather than a closed session[.]" (Italics added.) Thus the statute grants only the right to have complaints or charges heard in open session. The requirement that employees receive notice of the right to have complaints or charges heard in open session does not extend to appointment, employment, evaluation of performance, discipline, or dismissal. The second paragraph of section 54957 does not list "appointment, employment, evaluation of performance, discipline, or dismissal of a public employee" in the right to notice. This omission means that the Legislature intended to exclude these personnel matters from the right to receive 24-hour written notice, and intended to restrict the requirement of 24-hour written notice of the right to request an open session to "specific complaints or charges brought against an employee by another person or [persons] . . . ." ▮ A fundamental rule of statutory construction is that the expression of certain things in a statute necessarily involves exclusion of other things not expressed. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391, fn. 13 [241 Cal.Rptr. 67, 743 P.2d 1323]: "[e]xpressio unius est exclusio alterius[.]") When the Legislature has carefully employed a term in one place but has excluded it in another, the term should not be implied where it does not appear. (*Grubb & Ellis Co.* v. *Bello* (1993) 19 Cal.App.4th 231, 240 [23 Cal.Rptr.2d 281].)

▮ This interpretation of section 54957 is consistent with the purposes of the personnel exception. Our interpretation of the statute recognizes the Legislature's clear authorization of local legislative bodies to meet in closed session to consider personnel matters and to evaluate a specific employee's performance. (*San Diego Union* v. *City Council, supra,* 146 Cal.App.3d at p. 955.) Further, to interpret section 54957 otherwise would conflict with the

Education Code, which authorizes a school board to nonreelect probationary teachers for any reason without a hearing.

Another "open meeting" statute, the Bagley-Keene Open Meeting Act (§ 11120 et seq.) supports our interpretation of section 54957. The Bagley-Keene Open Meeting Act applies to "state bodies" as distinguished from the local legislative bodies subject to the Brown Act. (§ 11121.) Section 11126 identifies circumstances in which a state body can hold closed sessions. Subdivision (a) states in relevant part: "(1) Nothing in this article shall be construed to prevent a state body from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, or dismissal of a public employee or to hear complaints or charges brought against that employee by another person or employee unless the employee requests a public hearing. [¶] (2) As a condition to holding a closed session on the complaints or charges *to consider disciplinary action or to consider dismissal*, the employee shall be given written notice of his or her right to have a public hearing, rather than a closed session, and that notice shall be delivered to the employee personally or by mail at least 24 hours before the time for holding a regular or special meeting. If notice is not given, any disciplinary or other action taken against any employee at the closed session shall be null and void." (Italics added.)

Although similar to section 54957, section 11126, subdivision (a) contains wording, which we have italicized, *ante*, that markedly changes the scope of the latter statute. The 24-hour written notice requirement in section 11126, subdivision (a)(2) applies as a condition to holding a closed session on complaints or charges "to consider disciplinary action or to consider dismissal." Section 54957 contains no comparable language, and preserves a school board's right to consider personnel matters—including disciplinary action or dismissal of probationary teachers—in closed session. Section 11126 shows that when it amended section 54957 in 1993 and 1994, the Legislature knew where to add this language. The Legislature knew of detailed provisions in the Education Code regarding the evaluation, discipline, and dismissal of certificated employees. (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449].) By not using the italicized language from section 11126 in section 54957, the Legislature declined to broaden the 24-hour written notice requirement of section 54957.

The Education Code reflects a legislative judgment about what level of due process should be accorded to probationary teachers. In section 44929.21, subdivision (b) of the Education Code, ". . . the Legislature has

determined that the due process protection enjoyed by permanent certified employees should not apply to probationary employees, and that the state's interest in discharging unsuitable teachers in the first two years of employment outweighs any due process rights sought by these teachers." (*Board of Education* v. *Round Valley Teachers Assn., supra*, 13 Cal.4th at pp. 284-285.) To interpret section 54957 as the probationary teachers urge would expand the procedural protections afforded to probationary teachers in a way not authorized by the Education Code. The Education Code specifically addresses the rights of probationary teachers. By contrast, the Brown Act in the Government Code addresses local legislatures generally. In this circumstance, this court should adopt the specific legislative pronouncement in the Education Code limiting the rights of probationary teachers. (*Santa Clara County Counsel Attys. Assn.* v. *Woodside* (1994) 7 Cal.4th 525, 556 [28 Cal.Rptr.2d 617, 869 P.2d 1142].)

It is also significant that proposed legislation introduced as Senate Bill No. 36 on December 7, 1992, by Senator Kopp originally contained, in section 17, the following version of what is now the second paragraph of section 54957: "As a condition to holding a closed session on the complaints or charges *to consider disciplinary action or to consider dismissal*, the employee shall be given written notice of his or her right to have a public hearing rather than a closed session, which notice shall be delivered to the employee personally or by mail at least 24 hours before the time for holding the session." (Italics added.) On August 19, 1993, an amendment deleted the italicized words and used the language now found in section 54957 as enacted by the Legislature: "As a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee, the employee shall be given written notice of his or her right to have the complaints or charges heard in an open session rather than a closed session, which notice shall be delivered to the employee personally or by mail at least 24 hours before the time for holding the session." (Sen. Bill No. 36 (1993-1994 Reg. Sess.) as amended by Assem., Aug. 19, 1993, § 17.)

By deleting the italicized language, the Legislature rejected a provision that would have required 24-hour written notice as a condition to holding a closed session on complaints or charges to consider disciplinary action or dismissal. The deletion of a specific provision contained in legislation as originally introduced is most persuasive that the enactment should not be interpreted to include what was omitted. (*Wilson* v. *City of Laguna Beach* (1992) 6 Cal.App.4th 543, 555 [7 Cal.Rptr.2d 848].) This legislative history supports the conclusion that the 24-hour written notice requirement does not apply to "personnel matters" involving the appointment, employment, evaluation of performance, discipline, or dismissal of probationary employees.

We conclude that section 54957 requires 24-hour written notice only when the Board hears specific complaints and charges, and not when it considers the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee.

*4. When Considering the District's Recommendation Not to Reelect the Probationary Teachers, the Board Was Not Hearing Specific Complaints or Charges Brought by Another Person or Employee Within the Meaning of Section 54957*

The probationary teachers contend, and the trial court agreed, that since the Board at its meeting received information regarding specific allegations of misconduct against them, these allegations were "specific complaints or charges" which required 24-hour notice to the probationary teachers. We reject this contention because these allegations of misconduct were "evaluations of performance" and were not the "specific complaints or charges" referred to in section 54957.

Section 54957 distinguishes between "personnel matters"—one of which is "evaluation of performance"—and "specific complaints or charges brought against an employee by another person or employee." Only as to "specific complaints and charges" does section 54957 require notice of the right to request an open session. The language requiring 24-hour written notice of specific complaints or charges brought against an employee should not be read to nullify the employer's right to hold a closed session on personnel matters.

The definition of "specific complaints or charges brought against an employee by another person or employee" does not correspond to the "notice of unsatisfactory act" or other notice of specific charges which Hudson, Sternfeld, Jackson, and Fischer received. The probationary teachers had an opportunity to respond to those charges in conferences and meetings with district administrative personnel. Summaries of those conferences were provided for the probationary teachers' review. In some instances, a probationary teacher was given the opportunity to bring a representative of his choice to the meeting to discuss specific charges and the possible recommendation of dismissal. This was the stage at which specific complaints and charges were brought against an employee. As a matter of law, the Board did not hear specific complaints and charges when it made its determination to nonreelect the probationary teachers.

An opinion of the Attorney General supports our analysis. (78 Ops.Cal.Atty.Gen. 218, 222 (1995).) That opinion addressed whether probationary teachers could

require school boards to hold public sessions when they decided whether to grant tenure. It concluded that whether to grant tenure to a probationary employee was a matter within the scope of the personnel exception of the Brown Act. It stated that: "[A]ny discussion of whether to grant tenure to a particular probationary employee would obviously center upon an evaluation of the employee's performance. A certificated employee's job performance is reflected in a written evaluation and assessment of performance which is prepared for each such employee on a continuing basis, with probationary employees being evaluated at least once each school year. (Ed. Code, §§ 44662, 44663, 44664.) The evaluation is discussed with the employee by the evaluator, and the employee has the right to prepare a written response to the evaluation, with such response becoming a permanent attachment to the employee's personnel file. (Ed. Code, § 44663.) We assume that a probationary employee's evaluation and response, if any, would be the basis for a board's decision to reelect or non-reelect the employee. Hence the discussion concerning whether to grant tenure to the employee may be held in closed session under the terms of section 54957 as the consideration of an 'evaluation of performance.' " (*Ibid.*, fns. omitted.)

The opinion rejected "the suggestion that a discussion of whether to employ a probationary certificated employee for a third consecutive year would come within the 'complaints or charges' language of section 54957." (78 Ops.Cal.Atty.Gen., *supra*, at p. 222.) It stated: "The language of section 54957 need not be read so broadly as to undermine the procedure envisioned by Education Code section 44929.21. [¶] Excluding statutorily mandated performance evaluations and any discussions thereof from the meaning of 'complaints or charges' in section 54957 is consistent with the qualifying phrase: 'brought against the employee by another person or employee . . . .' Both 'complaint' and 'charge' connote an accusation, something which is 'brought against' an individual. Performance evaluations conducted in the due course of district business are not in the nature of an accusation and are not normally thought of as being 'brought against the employee.' This is particularly true when the evaluation is used as a basis for determining whether to reelect a probationary employee." (*Id.* at p. 223.)

The Attorney General's opinion concluded that "[t]his interpretation of 'complaints or charges,' as those terms are used in section 54957, also comports with the wide latitude afforded to school districts in deciding whether to reelect probationary employees." (78 Ops.Cal.Atty.Gen., *supra*, at p. 223.) ■ Although the Attorney General's opinion does not bind this court, it deserves "great weight" where no authority construing the statute controls. (*San Diego Union* v. *City Council, supra,* 146 Cal.App.3d at p. 954.) We find it persuasive in this appeal.

 The Board met after it received recommendations from administrative personnel. The Board's decision to reelect or nonreelect necessarily involved the "evaluation of performance," which section 54957 permits to be in a closed session. The record shows that the probationary teachers' performance evaluations served as the basis for the Board's determination to nonreelect them. We do not find that mere consideration of reasons for nonreelection constitutes hearing specific complaints or charges brought against an employee by another person or employee. That finding would nullify Education Code section 44929.21 and the "personnel exception" of the Brown Act.

## CONCLUSION

We conclude that the Board meeting involved consideration of an action upon matters of the employment, evaluation of performance, or dismissal of a public employee. As to these matters, section 54957 authorizes a closed session. Because the determination whether to reelect or not to reelect the probationary teachers was a personnel matter and did not involve a session in which the Board would hear specific complaints or charges brought against the probationary teachers by another person or employee, the Board was not required to give the probationary teachers 24-hour written notice of the right to have the complaints or charges heard in an open session.

Given these conclusions, the granting of the petition was error and we reverse the judgment.

## DISPOSITION

The judgment is reversed and the cause is remanded to the trial court with orders to vacate the judgment and to enter a new and different judgment denying the petition. Costs on appeal awarded to respondents Los Angeles Unified School District and the Board of Education of the Los Angeles Unified School District.

Klein, P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied March 9, 1999, and on March 19, 1999, the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied May 12, 1999.