BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE WESLEY CHESBRO, MEMBER OF THE STATE SENATE, has requested an opinion on the following questions:
1. May a county board of education meet in closed session under the "personnel exception" of the Ralph M. Brown Act to consider the appointment, employment, evaluation of performance, discipline, or dismissal of certificated or classified employees of the county superintendent of schools?
2. May a county board of education meet in closed session under the "labor negotiations exception" of the Ralph M. Brown Act to consider the salaries or compensation paid in the form of fringe benefits to certificated or classified employees of the county superintendent of schools?
1. A county board of education may not meet in closed session under the "personnel exception" of the Ralph M. Brown Act to consider the appointment, employment, evaluation of performance, discipline, or dismissal of certificated or classified employees of the county superintendent of schools.
2. A county board of education may not meet in closed session under the "labor negotiations exception" of the Ralph M. Brown Act to consider the salaries or compensation paid in the form of fringe benefits to certificated or classified employees of the county superintendent of schools.
 ANALYSIS
A county board of education ("board") generally approves the budget of the county superintendent of schools ("superintendent"), sets the salary and provides offices for the superintendent, and employs persons to provide special services to the board, among other duties and responsibilities. (See Cal. Const., art. IX, §§ 3.1-3.3; Ed. Code, §§ 1000-1097; Board of Education v. County of San Luis Obispo (1981) 126 Cal.App.3d 320; 79 Ops.Cal.Atty.Gen. 155, 157-158 (1996); 72 Ops.Cal.Atty.Gen. 25, 26-27 (1989); 31 Ops.Cal.Atty.Gen. 170, 171-172 (1958).)
The superintendent generally oversees the schools of the county, enforces the course of study, audits the expenditures of school districts, and conducts teacher institutes, among other duties and responsibilities. (See Cal. Const., art. IX, §§ 3-3.1; Ed. Code, §§ 1200-1350; 74 Ops.Cal.Atty.Gen. 116, 118-119 (1991); 72 Ops.Cal.Atty.Gen., supra, at pp. 28-30; 65 Ops.Cal.Atty.Gen. 305, 306-308 (1982).)
We are asked to determine whether a board may meet in closed session to discuss employment related issues concerning the superintendent's employees under two "exceptions" contained in the Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Act").[1] The Act requires a board (Ed. Code, § 1011) to hold its meetings open to the public unless a specific statutory exception authorizes the holding of a closed session. (§ 54953, subd. (a).) We conclude that neither of the "exceptions" presented for consideration is applicable in the given circumstances.
1. Personnel Exception
The first question to be addressed is whether a board may meet in closed session to consider the appointment, employment, evaluation of performance, discipline, or dismissal of certificated (those in positions requiring certification qualifications such as classroom teachers) or classified (those in positions not requiring certification qualifications such as office staff) employees of the superintendent pursuant to what is known as the "personnel exception." Section 54957 provides:
 "Nothing contained in this chapter shall be construed to prevent the legislative body of a local agency . . . from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"For the purposes of this section, the term `employee' shall include an officer or an independent contractor who functions as an officer or an employee but shall not include any elected official, member of a legislative body or other independent contractors . . . Closed sessions held pursuant to this section shall not include discussion or action on proposed compensation except for a reduction of compensation that results from the imposition of discipline."
In analyzing the provisions of section 54957, we are "to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose. . . ." (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1159.) To be avoided are "those constructions which lead to mischief or absurdity." (People v. Jeffers (1987) 43 Cal.3d 984, 998-999.) In construing a statute, we are to effectuate the Legislature's purposes by giving the words "the meaning they bear in ordinary use." (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973,977.)
The word "consider" in the context of section 54957 may be defined as "to give thought to with a view to purchasing, accepting, or adopting." (Webster's 3d New Internat. Dict. (1971) at p. 483; see also Bollinger v. San Diego Civil Service Commission (1999) 71 Cal.App.4th 568,574.) The authority of a legislative body "to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee" pursuant to section 54957 includes the authority to act on such matters as well. (Rowen v. Santa Clara Unified School District (1981) 121 Cal.App.3d 231, 236; Lucas v. Board of Trustees (1971) 18 Cal.App.3d 988, 991-992; 40 Ops.Cal.Atty.Gen. 4, 6 (1962).)
Does a board possess the power to appoint, employ, evaluate the performance of, discipline, or dismiss the certificated or classified employees of the superintendent? We have previously examined the duties of a board and a superintendent with respect to the appointment, discipline, and establishment of salaries of certificated and classified county personnel. (72 Ops.Cal.Atty.Gen. 25, supra.) We concluded that the superintendent, and not the board, is authorized to appoint, discipline, and establish the salaries of certificated and classified employees. (Id. at pp. 29, 31.) A decision of a superintendent to employ persons in positions requiring certification qualifications does not require consideration by, or the approval of, the board. (See Ed. Code, §§ 1293, 1294, , 1294.5.)[2] Likewise, a superintendent's decision to employ classified employees does not require the board's approval or consideration. (See Ed. Code, §§ 1311,1312, ; 72 Ops.Cal.Atty.Gen., supra, at pp. 30-31.)
The purposes of section 54957 would be ill served by allowing a board to meet in closed session to consider the superintendent's appointment, employment, evaluation of performance, discipline, or dismissal of certificated and classified school employees. "The purposes of the personnel exception are (1) to protect employees from public embarrassment and (2) to permit free and candid discussions of personnel matters by a local governmental body." (Fischer v. Los Angeles Unified School District (1999) 70 Cal.App.4th 87, 96; see Bollinger v. San Diego Civil Service Commission (1999) 71 Cal.App.4th 568, 573; 80 Ops.Cal.Atty.Gen. 308, 310 (1997).) These purposes presuppose a need to consider such employment matters. (See Gillespie v. San Francisco Public Library Commission, supra, 67 Cal.App.4th at p. 1171 [public library commission required to participate in appointment process before candidate for city librarian selected]; Fischer v. Los Angeles Unified School District, supra, 70 Cal.App.4th at p. 102 [closed session meeting to decide whether to reelect probationary teachers]; 80 Ops.Cal.Atty.Gen. 308, 310 (1997) [committee's delegated duties included "interviewing candidates, reviewing resumes, discussing qualifications, and arriving at a decision prior to the actual appointment"].)
We must construe the personnel exception narrowly in favor of the Act's general requirement of holding open and public meetings. (Bollinger v. San Diego Civil Service Commission, supra, 71 Cal.App.4th at p. 573; Fischer v. Los Angeles Unified School District, supra, 70 Cal.App.4th at p. 96; San Diego Union v. City Council (1983) 146 Cal.App.3d 947, 955.) We find no substantial reason for a board, which is neither the employer of, nor disciplinary authority for, certificated or classified employees of the superintendent, to meet in closed session for the purpose of considering the superintendent's appointment, employment, evaluation of performance, discipline, or dismissal of such employees.
Accordingly, we conclude that a board may not meet in closed session under the personnel exception of the Act to consider the appointment, employment, evaluation of performance, discipline, or dismissal of certificated or classified employees of the superintendent.[3]
2. Labor Negotiations Exception
The second question presented is whether a board may meet in closed session under the "labor negotiations exception" (§ 54957.6) regarding the salaries or compensation paid in the form of fringe benefits to certificated or classified employees of the superintendent. Section 54957.6, subdivision (a), provides in part:
"Notwithstanding any other provision of law, a legislative body of a local agency may hold closed sessions with the local agency's designated representatives regarding the salaries, salary schedules, or compensation paid in the form of fringe benefits of its represented and unrepresented employees, and, for represented employees, any other matter within the statutorily provided scope of representation."
In 61 Ops.Cal.Atty.Gen. 323, 326 (1978), we analyzed the scope of section54957.6 as follows:
 "This section involves what is commonly known as the `meet and confer' provisions of the Meyers-Milias-Brown Act, section 3500 et seq. The governing body of a local agency such as a county board of supervisors may conduct its `meet and confer' session, that is, its labor negotiations, either itself, or through its `designated representative.' Section 54957.6 is pertinent when it selects the latter option. [Citation.]"
Based upon the plain text of section 54957.6, we believe that the local agency must be the employer and have one or more designated representatives conducting labor negotiations on its behalf with its employees. In the present circumstances, on the other hand, the board would not be the employer with a designated representative conducting labor negotiations on its behalf with the certificated or classified employees of the superintendent.
We recognize that a board has the responsibility to "[a]pprove the annual budget of the county superintendent of schools before its submission to the county board of supervisors" (Ed. Code, § 1040, subd. (c)), which would necessarily include the results of labor negotiations conducted by the superintendent with his or her employees. While the board has an interest in the ultimate results of these labor negotiations, section 54957.6 is to be construed narrowly in favor of the Act's general requirement of holding open and public meetings. (See 57 Ops.Cal.Atty.Gen. 209, 210 (1974) [rejecting suggestion that an implied exception to the Act should be found where the legislative body does not have a representative negotiating on its behalf].)
Accordingly, in answer to the second question, we conclude that a board may not meet in closed session under the labor negotiations exception of the Act to consider the salaries or compensation paid in the form of fringe benefits to certificated or classified employees of the superintendent.
[1] All references hereafter to the Government Code are by section number only.
[2] We note, however, that a superintendent's decision to grant a leave of absence to certificated or non-certificated employees does require approval of the board. (Ed. Code, §§ 1294, 1295, .)
[3] A limited class of employees exists for whom the superintendent's decision to hire is subject to the approval of the board. In 72 Ops.Cal.Atty.Gen. 25, supra, we described these employees as follows:
"The superintendent is also authorized, through the county school service fund, to provide for the coordination of educational programs among school districts and community college districts. (§ 1700.) In this regard, the superintendent may, with the approval of the board employ qualified personnel for the coordination of courses of study, guidance services, health services, school library services, special education, and attendance activities among the school districts under his jurisdiction (§ 1703); employ supervisors to supervise instruction in certain elementary schools (§ 1730); employ personnel to supervise attendance (§ 1740), to provide health services (§ 1750), and necessary guidance services (§1760), to pupils in certain elementary, high school, and unified school districts." (Id. at p. 29, fn. 3.)
Thus, for these employees, a board shares authority with the superintendent and may meet in closed session under the personnel exception to consider whether to approve the superintendent's employment decisions. (Cf. Gillespie v. San Francisco Public Library Commission (1998) 67 Cal.App.4th 1165, 1169-1173 [mayor shares power to appoint city librarian with public library commission; thus, commission's closed session permissible under section 54957].)