BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE DENNIS BUNTING, COUNTY COUNSEL, COUNTY OF SOLANO, has requested an opinion on the following question:
May the governing board of a school district employ a teacher as a permanent employee if she has been a probationary teacher for more than one year before her spouse became a member of the governing board?
 CONCLUSION
The governing board of a school district may employ a teacher as a permanent employee if she has been a probationary teacher for more than one year before her spouse became a member of the governing board.
 ANALYSIS
The question presented for analysis concerns a probationary teacher whose spouse has recently been elected to the school district's board of trustees. We are asked whether the teacher may attain permanent classification while her husband is a trustee of the district. We conclude that since she has been a probationary teacher for more than one year before the election, she may become a permanent employee during her spouse's term of office.
Education Code section 44929.21, subdivision (b), governs the employment of the probationary classroom teacher in question. It provides:
 "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year, be classified as and become a permanent employee of the district.
 "The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year."
Accordingly, a probationary teacher may become a permanent employee after two years of employment, and this transition can be achieved without the governing board formally acting to approve the change of classification. If the board does not notify the teacher "of the decision to reelect or not reelect the employee," then "the employee shall be deemed reelected" and shall "be classified as and become a permanent employee of the district."
The primary difference between the two classifications is that a probationary certificated employee may be terminated at the end of the school year without cause, while a permanent certificated employee enjoys tenure and may be terminated only for cause. Otherwise, probationary and permanent teachers share the same title, job description, duties, responsibilities, working conditions, compensation, and union representation. (Ed. Code, §§ 44929.21, 44932-44947,44955; see Paramount Unified School Dist. v. Teachers Assn. of Paramount (1994) 26 Cal.App.4th 1371, 1378; Cousins v. Weaverville Elementary School Dist. (1994) 24 Cal.App.4th 1846, 1849; Bellflower Education Assn. v. Bellflower Unified School Dist. (1991)228 Cal.App.3d 805, 808; McFarland Unified School Dist. v. Public Employment Relations Bd. (1991) 228 Cal.App.3d 166, 169; Grimsley v. Board of Trustees (1987) 189 Cal.App.3d 1440, 1448.)
Because the spouse of the teacher in question now sits on the school district's governing board, we must examine the teacher's possible change to a permanent classification in light of Government Code section1090.[1] Section 1090 provides in part:
 "Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members."
This statutory prohibition is applicable to contracts made by the governing board of a school district. (Ed. Code, § 35233)
Section 1090 generally prohibits public officers from being financially interested in contracts made by them in their official capacity or made by boards or commissions of which they are members. (69 Ops.Cal.Atty.Gen. 255 (1986).) The purpose of the prohibition "is to remove or limit the possibility of any personal influence, either directly or indirectly, which might bear upon an official's decision, as well as to void contracts which are actually obtained through fraud or dishonest conduct." (Stigall v. City of Taft (1962) 58 Cal.2d 565, 569; see Thorpe v. Long Beach Community College Dist. (2000) 83 Cal.App.4th 655,659; Fraser-Yamor Agency, Inc. v. County of Del Norte (1977)68 Cal.App.3d 201, 215.)
Section 1090, where applicable, constitutes an absolute prohibition against entering into the prohibited contract by the officer or board. Its terms cannot be avoided by having the financially interested officer or board member abstain from participation in the making of the contract. (Fraser-Yamor Agency, Inc. v. County of Del Norte, supra, 68 Cal.App.3d at pp. 211-212; 69 Ops.Cal.Atty.Gen., supra, at p. 256.)
Here, section 1090's provisions, considered in isolation, would clearly be applicable to the execution of any contract between the school district and the probationary teacher regardless of her employment classification. Her spouse would be financially interested in her contract of employment under community property laws, and he would be considered as participating in the making of the contract as a member of the board. (See Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at pp. 659, 664; 81 Ops.Cal.Atty.Gen. 327, 328 (1998); 80 Ops.Cal.Atty.Gen. 320, 321 (1997); 69 Ops.Cal.Atty.Gen, supra, at pp. 256-258; 69 Ops.Cal.Atty.Gen.102, 107-108 (1986).) If the language of section 1090 stood alone, the governing board could not execute a new contract with the teacher — in any employment capacity — while her spouse was a trustee. (See 81 Ops.Cal.Atty.Gen., supra, at pp. 330-331; 80 Ops.Cal.Atty.Gen., supra, at p. 322; 69 Ops.Cal.Atty.Gen., supra, at p. 258, fn. 5.)[2]
However, section 1090's provisions do not stand alone. The Legislature has expressly defined certain financial interests as "remote interests" and "noninterests" that, if applicable, allow a contract to be executed despite section 1090's prohibition. If a "remote interest" is present, as defined in section 1091, the contract may be made if the officer (1) discloses his or her financial interest in the contract to the public agency, (2) such interest is noted in the entity's official records, and (3) the officer completely abstains from any participation in the making of the contract. (See 83 Ops.Cal.Atty.Gen. 246, 248 (2000); 78 Ops.Cal.Atty.Gen. 230, 235-237 (1995); 65 Ops.Cal.Atty.Gen. 305, 307 (1982).) If a "noninterest" is present, as defined in section 1091.5, the contract may be made without the officer's abstention, and generally a noninterest does not require disclosure. (See City of Vernon v. Central Basin Mun. Water. Dist. (1999) 69 Cal.App.4th 508, 515; 83 Ops.Cal.Atty.Gen., supra, at p. 247; 78 Ops.Cal.Atty.Gen. 362, 369-370 (1995).)
The exception that is relevant to our inquiry is the "noninterest" category addressed in subdivision (a)(6) of section 1091.5, which provides:
 "(a) An officer or employee shall not be deemed to be interested in a contract if his or her interest is any of the following:
". . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(6) That of a spouse of an officer or employee of a public agency in his or her spouse's employment or officeholding if his or her spouse's employment or officeholding has existed for at least one year prior to his or her election or appointment."
The spouse in question has been a probationary teacher for more than one year prior to her spouse's election to the school board. Does this statutory exception apply to her "employment" change to a permanent classification?
In 69 Ops.Cal.Atty.Gen. 255, supra, we considered whether "employment" for purposes of qualifying under the terms of section 1091.5, subdivision (a)(6), could include the spouse's transfer to a different type of employment with the public agency. In concluding that the employment must remain the same before and after the election or appointment, we looked to the purposes of the statute:
 "We believe that the Legislature, in enacting subdivision (a)(6), recognized that the original employment contract with the employed spouse would have been made by a prior, disinterested officer or board. Accordingly, to permit a continuation of the same employment would involve little risk to the public interest despite (1) the fact that the other spouse would subsequently have a financial interest therein and (2) the fact that the other spouse, or a board upon which he or she served, might be required to take actions with respect to that employment (e.g., . . . renewing the contract of a tenured teacher). We additionally believe that the one year threshold requirement of the exception was placed therein to prevent the possibility of any influence by the spouse who would subsequently assume the interested office or employment." (Id. at p. 258.)
Our 1986 opinion was relied upon in Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th 655, where the court determined that "the intent of section 1091.5, subdivision (a)(6), is to continue the status quo as to a spouse already employed for over a year, but to prohibit the spouse's employment in a different position that requires approval of the Board of Trustees of which the employee's spouse is a member." (Id. at p. 665.)
Accordingly, if an employee's title, job description, rights, duties, responsibilities, and compensation remain the same after his or her spouse's election or appointment to office, a new employment contract may be executed as long as the employee has held that same job for over a year prior to the election or appointment. The status quo would be maintained in such circumstances. Conversely, if the title, job description, rights, duties, responsibilities, and compensation are different, the exception set forth in subdivision (a)(6) of section 1091.5 would be unavailable. (See Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at pp. 662-664; 84 Ops.Cal.Atty.Gen. 175, 178-180 (2001); 80 Ops.Cal.Atty.Gen., supra, at p. 321; 69 Ops.Cal.Atty.Gen., supra, at pp. 259-260.) For example, a substitute teacher may be reemployed from year to year as a substitute teacher under the terms of section 1091.5, subdivision (a)(6), despite the prohibition of section 1090. (69 Ops.Cal.Atty.Gen., supra, at p. 259.)
The circumstances are different here. We have a probationary teacher, not a substitute teacher. While she could be reemployed as a probationary teacher pursuant to the terms of section 1091.5, subdivision (a)(6), the proposed contract would instead employ her as a teacher with a permanent classification. Since probationary teachers and permanent teachers share the same title, job description, duties, responsibilities, compensation, and union representation, it may reasonably be argued that moving from one classification to the other would constitute only one "employment" for purposes of section 1091.5, subdivision (a)(6). However, the termination rights are different for each classification. Does this distinction preclude a probationary teacher from becoming a permanent employee while the financial conflict of interest is present?
We have previously examined various changes in one or more employment terms for purposes of section 1091.5, subdivision (a)(6). When the governing board is not required to approve the particular change for the employee, we have concluded that the change would come within the scope of the exception and the new contract may be executed. (See 69 Ops.Cal.Atty.Gen. 255, supra [promotion, salary step or merit increase requiring no board approval].) On the other hand, where the proposed change in an employment term would require board approval, we have concluded that a new contract could not be executed pursuant to the statute. (See 84 Ops.Cal.Atty.Gen. 175, supra [reclassification with change of duties and compensation requiring board approval]; 69 Ops.Cal.Atty.Gen. 255, supra [promotion from classroom teacher to school principal or from Accountant I to Accountant II requiring board approval]; see also Thorpe v. Long Beach Community College Dist., supra,83 Cal.App.4th 655 [change of title, job description, duties, salary, and union representation requiring board approval].)
Applying the rationale of these prior opinions to the situation at hand, we find that a probationary teacher may attain permanent classification without the governing board making a decision to "reelect" the teacher. (Ed. Code, § 44929.21) Under the statute, if the board does not make the decision and fails to notify the teacher, "the employee shall be deemed reelected . . . ." This would suggest that such change of classification may be considered the same "employment" for purposes of section 1091.5, subdivision (a)(6), even though tendering the new contract to the teacher could be viewed as official board approval of the permanent classification.
Importantly, it must be recognized that under section 44929.21, the status quo cannot be maintained for a probationary teacher during the period of the financial conflict of interest. There is no statutory authorization to reemploy a probationary teacher indefinitely. After two years of probation, the teacher is either permitted to continue teaching as a permanent employee, or he or she is terminated.
On balance, we believe that a probationary teacher's transition to permanent status falls within the scope of the exception specified in section 1091.5, subdivision (a)(6). Significantly, the initial hiring decision was made by a disinterested governing board with the presumed expectation that the employee would attain tenure after two years of satisfactory service. Moving from probationary to permanent status, while not guaranteed, may be considered the norm. Under these unique circumstances, requiring the termination of the employment relationship would not serve the purposes of section 1091.5, particularly since the permanent classification may be "deemed" acquired by operation of law.[3]
We thus conclude that the governing board of a school district may employ a teacher as a permanent employee if she has been a probationary teacher for more than one year before her spouse became a member of the governing board.
[1] All references hereafter to the Government Code are by section number only.
[2] We note that the prohibition of section 1090 may be avoided by the "rule of necessity" in circumstances not present here. (See 81 Ops.Cal.Atty.Gen., supra, at p. 329, fn. 2; 69 Ops.Cal.Atty.Gen., supra, at p. 260, fn. 7.)
[3] Of course, in order to avoid even the appearance of impropriety due to the financial conflict of interest, the governing board may exercise its authority to notify the employee of non-reelection in a particular case.