[Civ. No. 26840. Second Dist., Div. Four. Sept. 6, 1963.]

JAMES M. SINCLAIR, JR., Plaintiff and Appellant, v. GLENN R. BAKER, as Member of the State Personnel Board, et al., Defendants and Respondents; IRVING H. PERLUSS, as Director of the Department of Employment, Real Party in Interest and Respondent.

James M. Sinclair, Jr., in pro per., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Defendants and Respondents and Real Party in Interest and Respondent.

KINGSLEY, J.—Petitioner has been continuously employed by the State of California since 1954. From June 1955, to September 1960, petitioner was assigned to a permanent position in the State Civil Service as a Special Investigator for the Department of Employment. Sometime in March 1960, petitioner's supervisors prepared an annual report of his performance in his position as a special investigator. This report stated that petitioner's overall performance for the preceding 12 months was "short of standard."

Petitioner appealed this report to the Director of the Department of Employment. The petitioner was then upgraded, but his overall rating was still "short of standard." The effect of this rating was to deny petitioner an annual salary increase, prevent his promotion in the agency, impair his prospective retirement monthly allowance, and render his position liable to layoff, demotion and dismissal.

On May 3, 1960, petitioner appealed his performance re-

port rating to the State Personnel Board. A hearing was held in the matter before a hearing officer of the State Personnel Board at Los Angeles on May 24, June 20, and June 22, 1960. Petitioner appeared at the hearing without counsel. However, he introduced both oral and documentary evidence, exhaustively cross-examined all witnesses that appeared against him, and argued points of law to the hearing officer. On July 8, 1960, the hearing officer tendered to the State Personnel Board a "Proposed Decision" in which he recommended that petitioner's appeal to the board be denied. That same day the board, without any transcript of the hearing before it, adopted as its decision the proposed decision of the hearing officer. On August 10, 1960, petitioner requested the board for a rehearing, and on September 23, 1960, the board denied the petition.

. Finally, in due course, petitioner file a petition for a writ of mandate in the superior court, requesting reversal of the decision of the State Personnel Board, a mandate to establish fair working standards, and a pay raise. The petition for the writ was denied.

Petitioner now appeals from the denials of: his petition for a writ of mandate; his motion for new trial; his motion to vacate judgment; his motion to retax respondents' cost bill; and his motion to vacate the order denying retaxation of the cost bill.

## I

An order denying a new trial is not applicable. *(Hamasaki v. Flotho* (1952) 39 Cal.2d 602, 608 [248 P.2d 910].) Therefore, this appeal must be dismissed. ■ Ordinarily an order denying a motion to vacate an order denying retaxation of costs would not be appealable, since an appeal lies from the original order. (3 Witkin, California Procedure, pp. 2170-2171. ■ However, here, petitioner's motion also sought relief under section 473 of the Code of Civil Procedure. An order denying such relief is appealable (3 Witkin, *supra*, 2171).

■ While an appeal will not lie from an order denying a motion to vacate a prior appealable judgment *(Litvinuk* v. *Litvinuk* (1945) 27 Cal.2d 38, 44 [162 P.2d 8]), a judicial exception has been recognized where such motion is made pursuant to section 663 of the Code of Civil Procedure. (*Socol* v. *King* (1949) 34 Cal.2d 292, 296 [209 P.2d 577], and cases cited therein.) This appeal is properly before this court.

On this appeal, petitioner urges: (a) that the decision of

the State Personnel Board is not supported by substantial evidence; (b) that the hearing officer denied him a fair and impartial trial; (c) that the procedure of the board in adopting the proposed decision of the hearing officer without any of the facts before it is unconstitutional under the due process clause; and (d) that the superior court erred in taxing costs to him.

## II

 A preliminary question, first to be disposed of, is whether the petition for writ of mandate was timely filed with the superior court. We believe it was.

A brief examination of the pertinent sections of the Government Code is essential for a proper understanding of this point. Section 19586 gives an aggrieved party 30 days after receipt of a copy of the decision rendered by the board, in a proceeding under article 3 of division 5 of title 2, within which to apply for a rehearing. At the same time, section 19588 also gives the aggrieved party the right to petition for for a writ of mandate without first applying for a rehearing with the board. Section 19630 gives a party claiming to have a cause of action or legal remedy for wrongs or grievances based on or related to any civil service law of this state, the right to commence an action within one year after such cause of action or complaint or ground for issuance of any writ or legal remedy first arose. Finally, section 19631 provides that the time for filing or commencing any such action does not run during the time that the matter involved is before the board pursuant to a petition of the person involved, and final action has not been taken by the board.

In examining the chronological time sequence leading up to the filing of the petition for writ of mandate, we find that, on July 11, 1960, notice of the board's decision was mailed to the petitioner. On August 10, 1960, petitioner timely filed his petition for reconsideration with the board. On September 26, 1960, notice of the board's denial of the petition for reconsideration was mailed to petitioner. And on September 21, 1961, petitioner filed with the superior court his petition for writ of mandate.

Respondents take the position that the time allowable for plaintiff to have filed his petition for writ of mandate pursuant to section 19630, should be measured from July 11, 1960, to September 21, 1961, minus that time which the board had the petition for reconsideration pending before it. Respondents chose July 11 as the starting point for computing

the time, because section 19588 gives petitioner the right to petition the superior court for writ of mandate without first petitioning the board for a reconsideration of the matter. Therefore, respondents contend, it was at that date that petitioner had cause to complain, and the running of the statute of limitations is to be measured from that date. Naturally, under this construction the petition for writ of mandate would not have been timely filed with the superior court.

However, we do not acquiesce in this construction. Not only does it run counter to the general policy that a litigant preferably should allow a trial body to correct its own errors, but it ignores the effect of section 70 of title 2 of the California Administrative Code. ▮ We believe that the accurate construction of these sections is as follows: Section 19588 serves a single purpose—to give to the aggrieved party the option, but not the obligation, to file his petition for a writ of mandate without first exhausting his administrative remedies; but it does not affect the application of section 19630. ▮ Under California Admistrative Code, title 2, section 70, the decision of the board did not become final until thirty days after service of a copy thereof on the party. If no petition for reconsideration had been filed, the one-year statute of limitations began to run at that time. But the matter was pending before the board during that thirty day period and where, as here, a petition for reconsideration was timely filed, the pendency continued without interruption until service of the notice of denial. In this case, the statute did not begin to run (allowing the additional day provided for by section 1013 of the Code of Civil Procedure) until September 27, 1960. The petition filed on September 21, 1961, was well within the time.

### III

▮ It is undisputed that, after the trial before the hearing officer of the State Personnel Board, the hearing officer prepared findings of facts and a proposed decision. These were presented to the State Personnel Board and adopted in their entirety by vote of the board. The board in adopting this proposed decision neither considered the evidence nor argument of the parties entered at the hearing. Petitioner argues that, by reason of this procedure, he was deprived of due process of law. For this position he strongly relied on the so-called *Morgan* line of cases.[1] However, these cases are not

[1]*Morgan* v. *United States*, 298 U.S. 468 [56 S.Ct. 906, 80 L.Ed. 1288] and 304 U.S. 1 [58 S.Ct. 773, 82 L.Ed. 1129].

controlling here. After much careful thought and deliberation, the procedure followed in this case was expressly upheld in *Hohreiter* v. *Garrison* (1947) 81 Cal.App.2d 384, 393 [184 P.2d 323].

The express statutory authority for the procedure followed by the State Personnel Board is Government Code, section 19582, subdivision (b).[2] While *Hohreiter* v. *Garrison* (1947) *supra*, 81 Cal.App.2d 384, concerned itself in part with section 11517, subdivision (b),[3] of the Government Code, that decision is controlling here. In view of the almost identical wording of both sections, no good reason exists for adopting a different construction of one statute than the other, especially since they both deal with the same subject matter—the duties of a hearing officer and an administrative agency in the California state service. *(Fichera* v. *State Personnel Board* (1963) 217 Cal.App.2d 613, 618-620 [32 Cal.Rptr. 159].

IV

Petitioner further argues that the decisions of the State Personnel Board, and of the superior court, are not supported by substantial evidence in light of the whole record.

It is settled law in this state that factual determinations of a statewide administrative agency which derives adjudicating power from the Constitution are not subject to reexamination in a trial *de novo* but are to be upheld by a reviewing court if they are supported by substantial evidence. *(Shepherd* v. *State Personnel Board* (1957) 48 Cal.2d 41 [307 P.2d 4 ].)[4]

It would serve no purpose to set out the details of petitioner's unsatisfactory service. Petitioner's argument amounts to no more than a contention that his version should have been accepted and that his conception of the manner in which his duties were to be performed should have prevailed over the

[2] "If a contested case is heard by an authorized representative he shall prepare a proposed decision in such form that it may be adopted as the decision in the case. A copy of the proposed decision shall be filed by the board as a public record. The board itself may adopt the proposed decision in its entirety, or may reduce the punitive action set forth therein and adopt the balance of the proposed decision."

[3] If a contested case is heard by a hearing officer alone, he shall prepare a proposed decision in such form that it may be adopted as the decision in the case. A copy of the proposed decision shall be filed by the agency as a public record. The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.

[4] At page 47 of this decision the court sets out both the constitutional authority creating the State Personnal Board, and its adjudicating powers.

expressed desires of his superiors. The record clearly shows that the decision of the hearing officer and of the board were supported by ample, substantial and overwhelming evidence.

## V

Nor do we find any merit in petitioner's claim that he was denied a fair and impartial trial before the hearing officer. On the contrary the record shows just the opposite.

## VI

Petitioner strenuously argues that respondents' cost of preparing a copy of the administrative record was not legally taxable as a cost to him.

At the trial for the petition of writ of mandate, petitioner failed to appear and respondents offered in evidence, for the court's consideration, their copy of the administrative transcript. In their cost bill, filed against petitioner, respondents set forth $96.20 as the cost of this administrative transcript furnished to the court.

■ The expense of preparing the record of an administrative hearing may properly be taxed as costs against the losing party where such record is offered in evidence by the prevailing party. (Cooper v. State Board of Public Health (1951) 102 Cal.App.2d 926, 933 [229 P.2d 27].) Such is the case here. Petitioner has no grounds for complaint.

■ By a subsequent motion to vacate the order taxing costs, petitioner, invoking the provisions of section 473 of the Code of Civil Procedure, alleged that he had not earlier been aware that the amount of the filing fee and of the administrative transcripts had been, as he claimed, overstated in the original cost bill. This motion was denied by the court. We think that petitioner's showing entitled him to relief under section 473 if his claim otherwise had merit. As to the cost of the transcript, the evidence was conflicting and the order of denial must stand. As to the filing fee, it seems clear that, considering the applicable statutes,[5] the filing fee should have been taxed at $7.50 and not at $12.50. Insofar as the order denied petitioner this much relief, it is modified so as to allow the claim.

The appeal from the order denying the motion for a new trial is dismissed; the orders denying the motion to vacate costs are modified so as to reduce the item of $12.50 for clerk's fees to $7.50, otherwise those orders are affirmed; the judg-

[5] Government Code, sections 70059, 6103 and 6103.5; Business and Professions Code, sections 6322 and 6322.1.

ment, and the order denying the motion to vacate judgment, are affirmed. Respondents shall recover their costs on appeal.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied October 3, 1963, and appellant's petition for a hearing by the Supreme Court was denied October 23, 1963.