[No. B206134. Second Dist., Div. One. Jan. 8, 2009.]

COLLEEN KOLTER, Plaintiff and Appellant, v.
COMMISSION ON PROFESSIONAL COMPETENCE OF THE LOS
ANGELES UNIFIED SCHOOL DISTRICT, Defendant and Respondent;
LOS ANGELES UNIFIED SCHOOL DISTRICT, Real Party in Interest and
Respondent.

**COUNSEL**

Trygstad, Schwab & Trygstad, Lawrence B. Trygstad and Shanon D. Trygstad for Plaintiff and Appellant.

Priscilla S. Winslow and Alice O'Brien for California Teachers Association as Amicus Curiae on behalf of Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Miller Brown & Dannis and Enrique M. Vassallo for Real Party in Interest and Respondent.

## OPINION

**DUNNING, J.**[*]—May the governing board of a school district convene in a closed session to initiate the process to dismiss a permanent certificated teacher without complying with the Ralph M. Brown Act (Gov. Code, § 54950 et seq.; the Brown Act), which requires 24-hour written notice to the employee of the right to have the matter heard in an open session? Yes.

## FACTUAL AND PROCEDURAL BACKGROUND

The governing board of the Los Angeles Unified School District (District) met in a closed session on May 2, 2006, and initiated the process to dismiss permanent certificated elementary school teacher Colleen Kolter. (Ed. Code, § 44934.) Kolter did not receive any premeeting notice of the session or of the charges against her. After the closed session, the District notified Kolter by mail of the intent to dismiss and her right to a public hearing. (Ed. Code, § 44941.)

Kolter, represented by counsel, exercised her statutory right to a hearing before the Commission on Professional Competence of the Los Angeles Unified School District (Commission). (Ed. Code, § 44944.) Before any evidence was presented to that body, Kolter moved to dismiss the proceedings, arguing the governing board's closed session violated her rights under the Brown Act. She also sought dismissal based on the District's earlier failure, once her attorney advised she was under treatment for bipolar disorder, to provide a reasonable accommodation for the disability. Specifically, she faulted the District for not invoking Education Code section 44942, subdivision (f) and placing her on involuntary medical leave.[1] Both motions to dismiss were denied, and the Commission proceeded to take evidence over a nine-day period. The three-member Commission unanimously agreed Kolter should be dismissed. (Ed. Code, § 44944, subd. (c)(1).)

---

[*] Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] Kolter raised this issue in the trial court and on appeal as well. Citing only *Green v. State of California* (Cal.App.), she argues the District was required to initiate the interactive process to identify a reasonable accommodation, even though she did not request one. But the Supreme Court granted review in *Green* on November 16, 2005 (S137770), and did not order that the Court of Appeal decision remain published. It could not be cited or relied upon at any time during any of the proceedings in this matter. (Cal. Rules of Court, rule 8.1115; see now *Green v. State of California* (2007) 42 Cal.4th 254 [64 Cal.Rptr.3d 390, 165 P.3d 118].) Without authority for the argument, we deem it waived.

Kolter then filed this action for administrative mandamus, disability discrimination, failure to place her on mandatory sick leave, and failure to offer a reasonable accommodation for her disabilities. (Code Civ. Proc., § 1094.5; Gov. Code, § 12900.) The cause of action for administrative mandamus was tried to the court on the administrative record and arguments of counsel. Kolter's petition for writ relief was denied. The court adopted and filed the tentative decision as its statement of decision. Thereafter, Kolter voluntarily dismissed the causes of action based on the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), and judgment denying the peremptory writ of mandamus was entered.

## DISCUSSION

██ The Brown Act generally requires that "[a]ll meetings of the legislative body of a local agency shall be open and public . . . ." (Gov. Code, § 54953.) It applies to school districts. (Gov. Code, §§ 54951, 54952; *Fischer v. Los Angeles Unified School Dist.* (1999) 70 Cal.App.4th 87, 95 [82 Cal.Rptr.2d 452] (*Fischer*).) Per the Brown Act itself, the only exceptions are found in its own provisions or in "any provision of the Education Code pertaining to school districts . . . ." (Gov. Code, § 54962.) Government Code section 54957 describes the "personnel exception" to the open meeting requirement. (*Fischer, supra,* at pp. 95–96.) That exception provides in part: "Nothing contained in this chapter shall be construed to prevent the legislative body of a local agency from holding closed sessions . . . [¶] . . . [¶] during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session. [¶] . . . As a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee, the employee shall be given written notice of his or her right to have the complaints or charges heard in an open session rather than a closed session, which notice shall be delivered to the employee personally or by mail at least 24 hours before the time for holding the session. If notice is not given, any disciplinary or other action taken by the legislative body against the employee based on the specific complaints or charges in the closed session shall be null and void." (Gov. Code, § 54957.)

Kolter contends the governing board's consideration of the charges against her triggered the "As a condition" clause to the exception, thus requiring

24-hour notice by the District's governing board and an opportunity to request an open session. Because the governing board acted in a closed session, she asserts the dismissal is void.[2] (Gov. Code, § 54957, subd. (b)(2).) The District disagrees, citing *Bollinger v. San Diego Civil Service Com.* (1999) 71 Cal.App.4th 568 [84 Cal.Rptr.2d 27] (*Bollinger*) and *Fischer, supra,* 70 Cal.App.4th 87.)

Although the closed civil service commission session in *Bollinger* occurred after the employee was afforded a public evidentiary hearing, much of the Court of Appeal's analysis of Government Code section 54957 is applicable here. There, a public employee was demoted for misconduct. He appealed and exercised his right to a noticed public evidentiary hearing. The hearing officer issued a written report after the evidentiary hearing, recommending that the demotion be affirmed. The report, however, was not provided to the employee. Nor was the employee given written notice that the civil service commission would meet in a closed session to consider whether to ratify the demotion. After the commission acted in the closed session, the employee received a copy of the hearing officer's report. The employee contended the Brown Act prohibited the commission from considering his demotion in a closed session. The Court of Appeal disagreed.

The *Bollinger* court first noted that in section 54957[3] the Legislature used the verb "hear" in connection with "complaints or charges," but the verb "consider" in connection with "dismissal of a public employee." (*Bollinger, supra,* 71 Cal.App.4th at p. 574.) The Court of Appeal concluded the word choice was significant because the dictionary defines "to consider" as "to 'deliberate upon,' [while] [t]o 'hear' is to 'listen to in an official . . . capacity[.]' [Citation.] A 'hearing' is '[a] proceeding of relative formality . . . , generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and evidence presented.' [Citation.]" (*Ibid.*; see also *Fischer, supra,* 70 Cal.App.4th at pp. 96–97.)

The legislative history of Government Code section 54957 provided further support for *Bollinger*'s conclusion that a closed session was permissible under these circumstances. The original drafts of the Assembly and Senate bills (Assem. Bill No. 1426 (1993–1994 Reg. Sess.) § 17, as introduced Mar. 3, 1993; Sen. Bill No. 36 (1993–1994 Reg. Sess.) § 17, as introduced Dec. 7,

---

[2] Kolter does not challenge the dismissal on the merits.

[3] In response to the events of September 11, 2001, Government Code section 54957 was amended in 2002 to authorize greater confidentiality for meetings concerning threats to essential public services. (See Historical and Statutory Notes, 36B West's Ann. Gov. Code (2008 supp.) p. 34.) Subdivisions were added, but the substantive language we address in this opinion was not changed.

1992) included the following language: "As a condition to holding a closed session *on the complaints or charges to consider disciplinary action or to consider dismissal, the employee shall be given written notice of his or her right to have a public hearing rather than a closed session, which notice shall be delivered to the employee personally or by mail at least 24 hours before the time for holding the session.*" (Italics added; see *Bollinger, supra,* 71 Cal.App.4th at p. 574.)

The language italicized above was removed from both bills before Government Code section 54957 was enacted. (Assem. Amend. to Sen. Bill No. 36 (1993–1994 Reg. Sess.) § 12, Aug. 19, 1993; Sen. Amend. to Assem. Bill No. 1426 (1993–1994 Reg. Sess.) § 12, Sept. 8, 1993.) As enacted, therefore, section 54957 does not entitle an employee "to 24-hour written notice when the closed session is for the sole purpose of considering, or deliberating, whether complaints or charges brought against the employee justify dismissal or disciplinary action. 'The rejection of a specific provision contained in an act as originally introduced is "most persuasive" that the act should not be interpreted to include what was left out. [Citations.]' [Citation.] Accordingly, we conclude a public agency may deliberate in closed session on complaints or charges brought against an employee without providing the statutory notice." (*Bollinger, supra,* 71 Cal.App.4th at pp. 574–575; see also *Fischer, supra,* 70 Cal.App.4th at pp. 95–102 [involving "election" proceedings for probationary teachers].) We agree.

 In this matter, the governing board did not conduct an evidentiary hearing on the verified statement of charges against Kolter; rather, it considered whether those charges justified the initiation of dismissal proceedings under Education Code section 44944. Kolter exercised her statutory right under the Education Code and was accorded a noticed public evidentiary hearing. The personnel exception to the Brown Act applied to the governing board's action, and 24-hour written notice was not required.[4]

In an amicus curiae brief, the California Teachers Association (CTA) offers a different perspective on the closed session before the governing board.

---

[4] Kolter's reliance on *Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672 [98 Cal.Rptr.2d 263] is unavailing. There, the CIF (California Interscholastic Federation) Appellate Panel placed a high school on athletic probation as a result of recruiting violations by the football coach; it further ordered the board of trustees of the school district to review the coach's conduct and "take whatever action it deemed appropriate." (*Id.* at p. 679.) The board did not give notice to the football coach before meeting in a closed session where it heard the CIF charges and then voted to permanently remove the teacher from the coaching assignment. The teacher suffered no loss of pay and his tenured teaching position was not affected.

While conceding the Education Code assures permanent certificated teachers a full evidentiary hearing before they are actually dismissed, CTA maintains that *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774] requires they also "have an absolute right to address the governing board *before* it makes a decision to terminate." This argument misstates the holding in *Skelly*, where the Supreme Court determined that "due process does not require the state to provide the employee with a full trial-type evidentiary hearing prior to the initial taking of punitive action. However . . . due process does mandate that the employee be accorded certain procedural rights before the discipline becomes effective." (*Id.* at p. 215.) The Legislature enacted Education Code section 44934 the year after the *Skelly* decision and provided precisely that due process safeguard.[5]

■ CTA also notes the Commission is not authorized to impose probation or a sanction other than dismissal. (Ed. Code, § 44944, subd. (c).) Quoting *Cleveland Board of Education v. Loudermill* (1985) 470 U.S. 532, 543 [84 L.Ed.2d 494, 105 S.Ct. 1487], CTA characterizes this statutory restriction as the loss of a " 'meaningful opportunity to invoke the discretion of the decisionmaker' . . . to argue that termination is not the most appropriate or necessary sanction." Not so. Although the Commission hearing evidence in a dismissal proceeding does not have the statutory authority to impose discipline other than dismissal, it does have the discretion to refuse to dismiss, even if it finds that cause for discipline exists. (*Fontana Unified School Dist. v. Burman* (1988) 45 Cal.3d 208, 217, 222 [246 Cal.Rptr. 733, 753 P.2d 689].)

■ Finally, CTA contends a permanent certificated teacher's "liberty interest in an opportunity to clear her name" demands that the governing board provide her with notice before it initiates dismissal proceedings. The argument is circular and, as the District notes, would add a second evidentiary hearing to the process. The result is neither desired nor required by law.

---

Nonetheless, the Court of Appeal concluded this action violated the Brown Act as the closed session was the only forum to *hear* the disciplinary action against the teacher in his role as the football coach.

Similarly, in *Moreno v. City of King* (2005) 127 Cal.App.4th 17 [25 Cal.Rptr.3d 29], the city council terminated the finance director in a closed session after hearing specific misconduct charges presented by the city manager. The employee did not receive the Brown Act notice and had no opportunity to present any evidence before he was dismissed.

These cases are distinguishable from the one before us, where the governing board's closed session did not effectuate Kolter's termination. It was, instead, the prelude to a full evidentiary hearing under Education Code section 44934.

[5] Education Code section 44934 provides in part, "the governing board may, upon majority vote . . . give notice to the permanent employee of its intention to dismiss or suspend him or her at the expiration of 30 days from the date of service of the notice, unless the employee demands a hearing as provided in this article."

## DISPOSITION

Judgment affirmed. Parties to bear their own costs on appeal.

Mallano, P. J., and Rothschild, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 29, 2009, S171275.