Filed 4/23/21  Verceles v. Los Angeles Unified School Dist. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| JUNNIE VERCELES, | B302266 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS173633) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Affirmed.

Wyatt Law and Andrew M. Wyatt for Plaintiff and Appellant.

Kelly Kim and Michael Voigt for Defendant and Respondent.

————————————

The Brown Act (Gov. Code, § 54950 et seq.) requires public agencies to hold public meetings, with certain exceptions.  During a closed session, a school board decided to proceed with the dismissal of teacher Junnie Verceles.  Verceles petitioned for a writ of mandate, claiming the board violated his rights under the Brown Act.  The school district demurred, and the trial court sustained the demurrer.  The Brown Act's personnel exception means the board was not obliged to open this meeting to the public.  We affirm.

I

The Los Angeles Unified School District (the district) hired Verceles in 1998.  On December 1, 2015, the district removed Verceles from his classroom and reassigned him to work at home pending an investigation.  A statement alleged Verceles used physical force and inappropriate language with students.

On December 14, 2017, the district conducted an administrative review meeting.  The district had given Verceles documents supporting the allegations against him.  It allowed Verceles to present evidence in his favor.  Counsel represented Verceles at the meeting and read a prepared statement.  Following this review, the district recommended the Los Angeles Unified School District Board of Education approve Verceles's dismissal.  (We call this entity the board.)

Verceles sent letters to the board to request an open and public hearing regarding his dismissal.  The board did not respond.

At the end of February 2018, Verceles contacted the deputy director of employee relations and learned the board would be considering his dismissal at a meeting on March 13, 2018.  At the March 13 meeting, Verceles provided a written statement and

spoke for three minutes during a public comment session. Verceles requested an open session under Government Code section 54957, subdivision (b)(1). The district's legal counsel said this section did not apply to Verceles. The board went into closed session and decided to proceed with Verceles's dismissal.

On March 14, 2018, the board sent Verceles a letter expressing its intent to dismiss him after 30 days, unless he requested an evidentiary hearing under Education Code sections 44930–44988. The board suspended Verceles without pay.

The letter enclosed a nine-page statement of charges dated February 23, 2018. The statement included seven "Causes," including "Immoral conduct," and "Evident unfitness for service."

The statement enumerated several "Charges." One charge was about an alleged November 12, 2015 incident in which Verceles grabbed an eighth grade student, pushed the student against a wall and out of class, threw the student's backpack, and told the student to " 'Get the fuck out,' or words to that effect." Another charge alleged that between August 12, 2014 and December 1, 2015, Verceles told students to "shut up," called them "stupid," and said "fuck." Another charge alleged Verceles called an eighth-grade student a "fucking idiot." The statement listed previous discipline and directives the district had issued to Verceles in 2008, 2013, and 2017.

On April 11, 2018, Verceles requested a hearing under the Education Code, but he withdrew this request on November 30, 2018.

In a letter to Verceles dated December 3, 2018, the board noted Verceles had withdrawn his request for a hearing and the board's March 13, 2018 decision was now "final and effective." The board dismissed Verceles.

3

Verceles filed a petition for writ of mandate alleging the board violated the Brown Act. His second amended petition is the operative pleading. This petition focuses on Verceles's requests for an open session and on the board's March 13, 2018 meeting. The petition seeks a declaration the board violated the Brown Act by (1) not giving Verceles 24-hour notice before holding the session and (2) by not making the session public. The petition also requests a writ of mandate to order the board to comply with the Brown Act, to reverse the termination, and to deem the board's closed session disciplinary actions null and void.

The district demurred, arguing Verceles lacked the right to an open session and he insufficiently pleaded facts to show he was entitled to an open session.

The trial court issued a tentative order in favor of the district. It held a hearing on the demurrer on July 12, 2019. Verceles argued and the district submitted on the tentative. The court reasoned that the case *Kolter v. Commission on Professional Competence of Los Angeles Unified School District* (2009) 170 Cal.App.4th 1346 (*Kolter*) controlled. The court adopted its tentative ruling, sustained the district's demurrer, dismissed Verceles's petition with prejudice, and entered judgment in favor of the district.

## II

The district acted properly.

## A

We independently review an order sustaining a demurrer without leave to amend. (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.) Our interpretation of the Brown Act is independent. (See

4

*Furtado v. Sierra Community College* (1998) 68 Cal.App.4th 876, 880.)

A complaint must plead facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10.) Complaints against public entities must plead every fact material to the entity's statutory liability with particularity. (*Gonzales v. City of San Diego* (1982) 130 Cal.App.3d 882, 890.) The issue today is whether Verceles's petition pleaded particularized facts that constitute a cause of action against the district.

B

Statutory procedures govern how school districts can dismiss teachers. (See Ed. Code, § 44932 et seq.; *Shields v. Poway Unified School Dist.* (1998) 63 Cal.App.4th 955, 958.)

The district can begin the process by filing written charges that specify facts and cite statutory grounds for dismissal. (Ed. Code, § 44934, subds. (b) & (c).) The board votes on whether to proceed. (*Id.*, subd. (b).) Specifically, upon majority vote, the board may "give notice to the permanent employee of its intention to dismiss or suspend [the employee] at the expiration of 30 days . . . unless the employee demands a hearing." (*Ibid.*)

If the board votes to dismiss the employee, it must give the employee a notice of intent, the charges (Ed. Code, § 44936), and an advisement the employee has 30 days to file a notice of contest and a demand for an evidentiary hearing (§ 44934, subd. (b)).

For charges within certain categories, including "immoral conduct," the board may immediately suspend the employee pending dismissal. (Ed. Code, § 44939, subd. (b).) The employee may challenge the suspension before an administrative law judge. (*Id.*, subd. (c).)

5

If the teacher demands an evidentiary hearing, the board may either rescind its action or schedule a hearing. (Ed. Code, § 44943.) The hearing is before a three-member commission, called the Commission on Professional Competence (the commission), unless the parties stipulate to a hearing before one administrative law judge. (§ 44944, subd. (c).) The three-member commission includes one member the employee selects, one member the board selects, and one administrative law judge. (*Ibid.*) In advance of the hearing, the district must disclose relevant documents and a list of potential witnesses. (§ 44944.05.) The employee may conduct depositions. (*Ibid.*) Witnesses testify under oath at the hearing. (§ 44944, subd. (b)(2)(A).)

After hearing evidence, the commission chooses between three options: (1) dismissing the teacher; (2) suspending the teacher without pay for a fixed period of time; or (3) finding that the teacher should not be dismissed or suspended. (Ed. Code, § 44944, subd. (d)(1).) The teacher may seek writ review of the commission's decision. (§ 44945.)

C

The Brown Act generally requires government bodies to meet in public but authorizes certain exceptions. (Gov. Code, §§ 54957 & 54962.) The relevant exception is the "personnel exception," which exists to protect employees from public embarrassment and to permit free and candid discussion of personnel matters. (*Fischer v. Los Angeles Unified School Dist.* (1999) 70 Cal.App.4th 87, 96 (*Fischer*).)

For this case, the language of the personnel exception requires careful attention. In the following quotation, note the words we italicize.

The exception authorizes closed sessions "to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee *or* to hear complaints or charges brought against the employee by another person or employee *unless the employee requests a public session.*" (Gov. Code, § 54957, subd. (b)(1), italics added.)

The italicized "or" divides the personnel exception into two parts. The first part, about considering appointment, employment, evaluation of performance, discipline, or dismissal, is distinct from the second part, about hearing complaints or charges. (*Fischer*, *supra*, 70 Cal.App.4th at pp. 91 & 96; *Bollinger v. San Diego Civil Service Com.* (1999) 71 Cal.App.4th 568, 574 (*Bollinger*).)

The final phrase—"unless the employee requests a public session"—modifies only the second part, about hearing complaints or charges. (*Fischer*, *supra*, 70 Cal.App.4th at pp. 96–97; *Bollinger*, *supra*, 71 Cal.App.4th 568 at p. 574.) In other words, the statute allows an employee to request a public session only if the body hears complaints or charges. This right does not extend to the first part.

Government Code section 54957, subdivision (b)(2) describes notice protections for sessions about complaints or charges. Employees are entitled to 24-hour advance written notice if a body holds a "closed session on specific complaints or charges" brought against the employee by another person or employee. (*Ibid*.) Absent this notice, the body's actions against the employee based on the specific complaint or charges in the closed session are null and void. (*Ibid*.)

We repeat the key provision, but now we italicize different words. The exception authorizes closed sessions "to *consider* the

7

appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to *hear* complaints or charges brought against the employee by another person or employee unless the employee requests a public session." (Gov. Code, § 54957, subd. (b)(1), italics added.)

Courts of appeal have examined the difference between *considering* personnel matters and *hearing* complaints or charges under Government Code section 54957, subdivision (b)(1). The Legislature's decision to use "consider" in connection with dismissal but "hear" in connection with complaints or charges is significant. To consider means to deliberate upon, while to hear means to listen to in an official capacity. (*Bollinger*, *supra*, 71 Cal.App.4th at p. 574.) Hearings are proceedings of relative formality in which a body hears witnesses, views evidence, and tries definite issues of fact or of law. (*Ibid.*; *Kolter*, *supra*, 170 Cal.App.4th at p. 1351.) The phrase "complaints or charges" means accusations against an employee. (*Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 683 (*Bell*).)

In sum, the statute permits closed meetings when the government entity is "considering" information, and in this situation the entity need not give statutory notice. But the entity must give notice and hold an open meeting when "hearing" an accusation leveled by another person against an employee.

D

Verceles's petition did not plead sufficient facts to constitute a cause of action against the district under the Brown Act. The district correctly points to a lack of facts and allegations in the record to show the board's actions constituted a hearing of complaints or charges against Verceles. Verceles's petition neither cites evidence nor asserts any allegations to show the

8

board heard testimony from witnesses or took evidence during closed session on March 13, 2018.

The board did not conduct an evidentiary hearing on the statement of charges against Verceles; rather, it considered whether those charges justified the initiation of dismissal proceedings. The commission would have *heard* the charges, had Verceles availed himself of that process. The personnel exception applied to the board's March 13 meeting.

The *Kolter* case, which held the personnel exception applied when the board considered whether charges justified initiation of dismissal proceedings, is on point. (See *Kolter*, *supra*, 170 Cal.App.4th at p. 1352.) There, the board met in a closed session and initiated the process to dismiss a teacher, Colleen Kolter. The district had not provided notice of the session or of the charges against Kolter. After the closed session, the district notified Kolter it intended to dismiss her and told her of her right to a hearing. Kolter exercised her right to a hearing before the commission but then moved to dismiss the hearing, arguing the board's closed session violated her rights under the Brown Act. The commission denied her motion, proceeded with the hearing, and agreed the district should dismiss the teacher. Kolter petitioned for writ relief. (*Id.* at pp. 1349–1350.)

The *Kolter* court concluded the board had considered whether the charges against Kolter justified the initiation of dismissal proceedings. (*Kolter*, *supra*, 170 Cal.App.4th at p. 1352.) The board did not conduct an evidentiary hearing against her. It may have *considered* the charges in closed session, but the commission *heard* these charges. Thus, the personnel exception applied, and the district did not need to give Kolter 24-hour written notice.

9

Verceles's case is nearly the same. The record shows Verceles had both notice of the charges against him and the opportunity for an evidentiary hearing before the commission. The only reason Verceles did not have this evidentiary hearing was his own rescission of a request for such a hearing. He cannot create a Brown Act violation by deciding to forego the hearing.

Verceles's request for an open hearing in front of the board did not create a right to one. The nature of the board's meeting determines this right. Here, the board met to consider his dismissal, not to hear complaints or charges.

Nor did the district's "Statement of Charges" against Verceles create a right to an open session hearing. In *Kolter*, the board also had a "verified statement of charges" against the teacher. (*Kolter*, *supra*, 170 Cal.App.4th at p. 1352.) It did not conduct an evidentiary hearing on the statement of charges but rather considered whether the charges justified the initiation of dismissal proceedings. So too did the board in Verceles's case.

*Bell*, *supra*, 82 Cal.App.4th 672 and *Moreno v. City of King* (2005) 127 Cal.App.4th 17, which found Brown Act violations, are distinguishable. In each case, the closed session was the only forum in which the public agencies at issue heard the accusations against the employees. (*Bell*, at pp. 679 & 683–684; *Moreno*, at pp. 21, 28–29.) In *Bell*, at page 679, a board permanently removed a teacher as a football coach and in *Moreno*, at page 21, a city council terminated an employee, effective the day of the meeting. The agencies thus made final decisions about discipline without allowing the employee notice and an opportunity to be heard. Unlike in these cases and like in *Kolter*, the board's decision was merely a prelude to the opportunity for a full

hearing.  (*Kolter*, *supra*, 170 Cal.App.4th at p. 1352, fn. 4 [distinguishing *Bell* and *Moreno*].)

The board's decision to suspend Verceles pending his dismissal was permissible under Education Code section 44939 and it did not create a separate right to an open hearing.

In his opening brief, Verceles claims the district violated his due process and Brown Act rights when it removed him from his teaching assignment and placed him on administrative leave in 2015.  We do not analyze the merits of this contention, which he did not raise in his petition before the trial court.  (See *Estate of Westerman* (1968) 68 Cal.2d 267, 279 [issues not raised before trial court generally cannot be raised for the first time on appeal].)  The district's removal of Verceles from his teaching assignment before the March 13, 2018 meeting is immaterial to the issue of his right to an open session hearing.

Verceles downplays the protections of the commission hearing under the Education Code with mistaken claims about the burden and standard of proof in these hearings.  He incorrectly claims the *teacher* must prove dismissal is wrongful and the teacher is "guilty until proven innocent."  As the district explains in its appellate brief, the district has the burden of proof in teacher dismissal proceedings before the commission and the standard of proof is preponderance of the evidence.  (*Gardner v. Com. on Prof. Competence* (1985) 164 Cal.App.3d 1035, 1038– 1039.)  In his reply, Verceles fails to explain why the district is incorrect about the burden and standard of proof, ignores *Gardner*, and repeats his unsupported claim that the employee must prove charges are false.  We treat his unsupported argument as waived.  (See *Susag v. City of Lake Forest* (2002) 94 Cal.App.4th 1401, 1410–1411.)  The commission hearing offered

11

Verceles the opportunity for an evidentiary hearing with robust due process rights.

## DISPOSITION

We affirm the judgment and award costs to the Los Angeles Unified School District.

                                        WILEY, J.

We concur:


        GRIMES, Acting P. J.


        STRATTON, J.