Filed 12/26/13  Ortiz v. Yuba Community College Dist. CA3

# NOT TO BE PUBLISHED

/California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| JESSE ORTIZ, | C066634 |
| Plaintiff and Appellant, | (Super. Ct. No. CV051572) |
| v. | |
| YUBA COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |

The human resources director for defendant Yuba Community College District (District) issued a letter of reprimand to plaintiff Jesse Ortiz for failing to cooperate in an administrative investigation into allegations that he participated in sexual misconduct on the District's Woodland Community College campus where he was employed as a counselor.  Ortiz unsuccessfully sued the District to nullify the letter of reprimand as the unlawful byproduct of a violation of the Ralph M. Brown Act (Brown Act), California's open meeting laws.  (Gov. Code, § 54950 et seq.; further undesignated section references are to the Government Code.)  Ortiz claimed the District violated the Brown Act by failing to properly notify him that the District's Board of Trustees (Board) would consider discipline against him based on the incident in closed session, and also that it

1

denied him his right to have the matter heard publicly. Ortiz appeals the trial court's judgment in favor of the District, which found the District neither considered any disciplinary measures against Ortiz nor took any action concerning him in the closed session. We affirm the judgment.

## FACTS AND PROCEEDINGS

Ortiz has worked as a guidance counselor for the District since 1994. On the night of April 14, 2005, a campus police officer observed a car pull into a dimly lit parking area toward the back of the Woodland Community College campus. When the officer approached the vehicle he observed a woman and a man engaged in a sexual act. The officer, who was formerly a student at the college and had Ortiz as his counselor, identified the man in the car as Ortiz. The next day the officer reported the incident to Chief Wilkinson, the college's chief of police, and both a criminal investigation and an administrative investigation ensued.

A few days later, Ortiz spoke with Chief Wilkinson and was told the officer had identified him as the man in the car. Although his story changed regarding his precise whereabouts that night, Ortiz repeatedly denied he was the man in the car.

Ortiz hired both civil and criminal counsel to address the investigations. As part of the administrative investigation, in early May 2005 Ortiz and his attorney met with the District's human resources director and its general counsel. Later that month, Ortiz's attorney wrote several letters to the District complaining about the propriety of the investigations and the District's lack of response to Ortiz's previous inquiries regarding the issue. Ortiz's counsel accused the District of being uncooperative and of abusing Ortiz's civil and due process rights. Ortiz also informed the District that he wanted to participate in any discussion regarding the matter pursuant to the Brown Act.

At a regular meeting of the Board on June 15, 2005, the Board met in closed session and discussed the Ortiz matter as one of three potential litigation cases against the

District.  Ortiz was not provided notice that this matter would be discussed in closed session.  The closed session agenda provides:

"1.A.  Conference with Legal Counsel - Anticipated Litigation

"Significant Exposure to Litigation Pursuant to Subdivision (b) of Government

"Code Section 54956.9 - Three Potential Cases."

"1.B.  Conference with Labor Negotiator

"Pursuant to Government Code Section 54957.6."

During the closed session, the District's counsel briefed the Board very generally on the ongoing administrative investigation involving Ortiz and the potential for litigation from both Ortiz and the unknown female in the car.  In an attempt to limit the District's litigation exposure, the District's counsel mentioned that he was considering recommending a letter of reprimand against Ortiz, although no definitive recommendation was made at that time and the Board was not asked to vote on and did not vote on any such measure against Ortiz.

According to the meeting minutes, the Board did not take any action on any closed session items.  When reporting out, the Board president noted that the Board discussed in closed session "District negotiations and personnel issues."  The reference to "personnel issues" related to the District's ongoing labor negotiations.

Nearly two months later, the District's human resources director gave Ortiz a letter of reprimand for failing to cooperate fully with the administrative investigation.  No Board approval or authority was necessary before the human resources director could issue the reprimand letter.  According to the letter, sexual misconduct involving Ortiz could not be substantiated during the investigation.

Ortiz submitted a response to the letter of reprimand claiming, among other things, that the District violated the Brown Act by discussing the Ortiz matter during the closed session on June 15 without affording Ortiz notice and an opportunity to address the Board publicly.  Although issued by the human resources director two months after the closed

3

session, Ortiz asserted the letter of reprimand emanated from the purportedly unlawful closed session.

Ortiz filed a complaint against the District alleging numerous causes of action, including one for violating the Brown Act. The matter was tried at a bench trial. After hearing testimony from Ortiz as well as from the District's counsel and several members of the Board who were present during the closed session, the trial court tentatively ruled no Brown Act violations had occurred.

In its statement of decision, the trial court found that during the closed session the Board did not take any "action" as that term is defined in the Brown Act. The court separately found that the Board did not consider any disciplinary action against Ortiz at the closed session. Finally, the court found the District properly agendized the matter under the potential litigation exception to the open meeting laws found in section 54956.9.

The trial court entered judgment against Ortiz and in favor of the District and Ortiz timely appealed, challenging the trial court's findings that the Board took no action and did not consider disciplinary action against him during closed session. He does not challenge the trial court's separate finding that the District complied with section 54956.9 of the Brown Act when it included the Ortiz matter as potential litigation to be discussed in closed session.

DISCUSSION

I

*Consideration of Discipline*

Ortiz contends the trial court erred in failing to find the District violated section 54957 of the Brown Act by "considering" discipline against him in closed session without first providing him with notice that he had the right to have the matter heard in open session. Because he claims the Board did consider discipline during closed session,

4

Ortiz further asserts the Board violated section 54957.7 concerning making open session disclosures of closed session items under consideration.

The Brown Act (§ 54950 et seq.) requires that all meetings of public agencies be open and public unless a statutory exception applies. (§ 54953, subd. (a).) Section 54957[1] includes a limited exception to the Brown Act's general command to conduct agency business in public. The statute provides that the legislative body of a local agency is not prevented "from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session." (§ 54957, subd. (b)(1).)

Before holding a closed session on specific complaints or charges brought against an employee by another person or employee, the agency must give the employee a 24-hour "written notice of his or her right to have the complaints or charges heard in an open session rather than a closed session . . . ." (§ 54957, subd. (b)(2).) "If notice is not given, any disciplinary or other action taken by the legislative body against the employee based on the specific complaints or charges in the closed session shall be null and void." (*Ibid.*) Prior to holding a closed session, the legislative body must also disclose, in an open meeting, the items to be discussed in the closed session. (§ 54957.7, subd. (a).)

To determine whether the trial court erred in finding the Board did not consider any discipline against Ortiz during closed session, Ortiz first argues we should apply an

---

[1] In 2013 the Legislature amended section 54957 to include the Governor as an additional person with whom the legislative body of a local agency could meet with in closed session. (Stats. 2013, ch. 11, § 1 [Assem. Bill No. 246, filed June 24, 2013].) The Legislature also made several nonsubstantive changes to the statute. The amendments to section 54957 become effective January 1, 2014, and have no affect on this appeal. (§ 9600.)

5

abuse of discretion standard of review, later concedes the substantial evidence standard of review applies, and then finally asserts no factual dispute exists thus impliedly arguing for a de novo standard of review to resolve a purely legal issue. Contrary to Ortiz's contention, however, what exactly occurred during the closed session meeting and whether the Board considered discipline against Ortiz presented factual questions which the parties disputed below.

Substantial evidence review governs an appeal from a statement of decision following a bench trial where the trial court had to evaluate competing evidence regarding disputed events. (*Estate of Young* (2008) 160 Cal.App.4th 62, 75-76 (*Young*).) Substantial evidence is " 'evidence . . . "of ponderable legal significance, . . . reasonable in nature, credible and of solid value." ' " (*Id.* at p. 76.) " 'The ultimate determination is whether a *reasonable* trier of fact could have found for the respondent based on the *whole* record.' " (*Ibid.*)

We conclude evidence in the record fully supports the trial court's finding that the Board did not consider disciplinary action against Ortiz during the closed session meeting. Two members of the Board who were present during the closed session testified the Board did not consider or discuss any disciplinary action against Ortiz at the meeting. Board member Allen Flory, who was Ortiz's friend, testified no one asked the Board for authority to issue a letter of reprimand against Ortiz and that no such authority was needed or given. Former Board Chairman Mark Brett testified the Board did not discuss or give any direction regarding disciplining Ortiz. Based on such testimony, the trial court justifiably concluded the Board did not consider disciplinary action against Ortiz during the June 15 closed session.

Testimony from the District's counsel that he briefly mentioned he might recommend a letter of reprimand or a three-day suspension sometime in the future as a means of limiting the District's exposure to litigation does not dictate a different result. The same applies to Ortiz's testimony that another Board member told him the topic of

6

termination came up during the meeting. At most, this testimony conflicts with that of Flory and Brett and the trial court, as the trier of fact, acted well within its discretion in assessing the credibility of the witnesses and the weight of the evidence and accepting the testimony of these two witnesses over arguably conflicting testimony. We are bound to resolve all evidentiary conflicts in support of the trial court's finding. (*Young, supra,* 160 Cal.App.4th at p. 76 ["In a substantial evidence challenge to a judgment, the appellate court will 'consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]' "].) We conclude that the testimony of Flory and Brett provides substantial evidence supporting the trial court's determination that the Board did not consider disciplining Ortiz during the closed session.

And, even if the District's counsel "mentioned" a letter of reprimand during closed session as a strategy for minimizing the District's litigation exposure, it does not automatically follow that the Board "considered" disciplining Ortiz within the meaning of section 54957 as Ortiz argues. The term "consider" means to carefully contemplate or attentively treat a particular issue. (See Merriam-Webster's Collegiate Dict. (11th ed. 2003) pp. 265-266; see also *Kolter v. Commission on Professional Competence of Los Angeles Unified School Dist.* (2009) 170 Cal.App.4th 1346, 1351 (*Kolter*) [noting the phrase "to consider" is defined as "to deliberate upon"].) Briefly referencing disciplinary options within the larger context of strategizing on how best to avoid potential litigation hardly rises to the level of *carefully contemplating* or *deliberating*. Such a fleeting reference to such options, without more, simply does not constitute "considering" discipline.

The record contains substantial evidentiary support for the trial court's finding that the Board did not consider discipline against Ortiz during closed session. Because it considered no discipline, the District did not violate section 54957.7 by failing to reference discipline in open session prior to retiring to closed session.

7

## II

### *Hearing of Complaints or Charges*

Interwoven within Ortiz's claim that the Board unlawfully considered disciplining him during closed session is an assertion that the Board also heard "complaints or charges" against him during closed session without notice under section 54957.  We disagree.

As set forth above, section 54957, subdivision (b)(1), provides that a governing body may convene in closed session to hear complaints or charges against an employee "unless the employee requests a public session."  Prior to the closed session, the employee must be given 24-hour written notice of the right to request a hearing in open session to defend against the charges.  (§ 54957, subd. (b)(2).)  If notice is not given, any disciplinary action taken by the legislative body based on the specific complaints or charges in the closed session is null and void.  (*Ibid.*)

The record shows the Board did not convene in closed session "to hear complaints or charges" against Ortiz.  The hearing of complaints or charges generally connotes a relatively formal proceeding with definite issues of fact or law to be tried, in which witnesses are heard and evidence is presented. (*Kolter, supra,* 170 Cal.App.4th at p. 1351.)  Nothing like that occurred here.

The District's counsel only generally briefed the Board about an on-campus incident allegedly involving Ortiz that could potentially lead to litigation.  The details of the incident as relayed to the Board were "sketchy."  Indeed, at the time of trial, Board member Mark Brett testified he was still unaware of the underlying facts concerning the incident.  The officer who initially reported the incident did not attend closed session and no evidence was presented or considered.  The Board was not provided with any written documentation or accusations against Ortiz, and it was not given the police report detailing the account.  These facts stand in stark contrast to cases where courts have

found an agency "hear[d] complaints or charges" against an employee in closed session without providing proper notice under section 54957.

For example, in *Moreno v. City of King* (2005) 127 Cal.App.4th 17, where a terminated city finance director successfully challenged his firing in closed session without notice under the Brown Act, the city manager presented the city council with a document detailing five accusations of misconduct against the finance director and specifically sought the council's approval of his termination. (*Id.* at p. 28.) After reviewing the document, the council dedicated a significant portion of its closed session to discussing the finance director and his potential termination. (*Id.* at pp. 28-29.) In this case, the Board never considered any written materials containing accusations against Ortiz, it was not asked to approve any disciplinary measures against Ortiz, and it barely discussed the matter following counsel's very general advisory report.

In *Morrison v. Housing Authority of the City of Los Angeles Bd. of Comrs.* (2003) 107 Cal.App.4th 860, 876, the court found that where a public entity "rejects its hearing officer's findings of fact and engages in its own fact finding it is conducting a 'hearing' on the charges against the employee for purposes of section 54957 and the employee must be given notice of the right to have the hearing conducted in open session." Here, the Board did not appoint a hearing officer to take evidence and make factual findings regarding the Ortiz matter and then later consider and reject those findings of fact during closed session.

Finally, in *Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 681-682, the court found a school district violated section 54957 when it held a closed session to consider findings made by an athletic federation following an independent hearing that one of its football coaches had violated the federation's undue influence rule. After considering the federation's findings, the school district voted to relieve the employee of his football coaching duties. (*Id.* at p. 679.) In this case, at the time of the disputed closed session, the District's investigation was still ongoing and had not yet been

9

concluded.  Thus, unlike in *Bell* the Board did not, and could not, consider any independent investigation findings during the closed session.

Section 54957's 24-hour written notice requirement and right to request that complaints be heard in open session apply only where a legislative body actually hears "complaints or charges" against an employee.  (See *Furtado v. Sierra Community College* (1998) 68 Cal.App.4th 876, 881-882 [the notice and public session rights under section 54957 apply only to the hearing of "complaints or charges"].)  Such provisions do not apply to the remaining personnel issues listed earlier in the statute, including an employee's appointment, employment, evaluation of performance, discipline, or dismissal.  (*Id.* at p. 882 ["the Legislature has drawn a reasonable compromise, leaving most personnel matters to be discussed freely and candidly in closed session, but permitting an employee to request an open session to defend against specific complaints or charges brought against him or her by another individual"].)  Because the Board did not hear "complaints or charges" against Ortiz in closed session, the 24-hour written notice and public session rights provided in section 54957 subdivisions (b)(1) and (b)(2) were never triggered.

Given our conclusions that the Board did not consider discipline against Ortiz during the closed session and that it did not hear complaints or charges against him either, section 54957 simply does not apply.  Logically, then, the Board did not violate section 54957.7 by failing to disclose in open session and prior to convening in closed session discipline or complaints or charges against Ortiz.

III

*No Action Taken*

Ortiz also challenges the trial court's factual finding that the Board did not take any action during closed session.  The Brown Act defines the phrase "action taken" as "a collective decision made by a majority of the members of a legislative body, a collective commitment or promise by a majority of the members of a legislative body to make a

10

positive or a negative decision, or an actual vote by a majority of the members of a legislative body when sitting as a body or entity, upon a motion, proposal, resolution, order or ordinance." (§ 54952.6.)

Ortiz claims the Board, by mere silence, tacitly agreed with its counsel's statement during closed session that he was considering recommending a letter of reprimand against Ortiz as a way to minimize the risk of potential litigation. Ortiz cites the letter of reprimand he received from the District's human resources director two months after the closed session as evidence of this tacit agreement. We reject Ortiz's contentions.

The trial court's finding that no action was taken within the meaning of the Brown Act is amply supported by the record. Ortiz concedes, and the record confirms, that there was no actual motion or vote on whether to issue a letter of reprimand to Ortiz during closed session. The record further establishes that the District's counsel merely mentioned a letter of reprimand as a potential way of avoiding future litigation. The Board members did not discuss the matter in any great detail, if at all. The human resources director also made clear during closed session that he was not looking for direction from the Board regarding the ongoing administrative investigation or what it believed would be an appropriate remedy upon its conclusion. The Board's minutes do not show that any action was taken during closed session. And Ortiz himself stipulated at trial that the director of human resources did not need Board authority before issuing a letter of reprimand. Board members Brett and Flory also confirmed that Board approval was unnecessary before an administrative letter of reprimand could be issued.

Considering this evidence in the light most favorable to the District, as we are bound to do, we find the evidence sufficiently shows the Board did not make a collective commitment or promise to reprimand Ortiz during closed session. Because it is undisputed that the director of human resources could issue letters of reprimand without Board approval, the court could reasonably infer that the director in fact issued the letter of reprimand against Ortiz without any Board action. (*Young, supra,* 160 Cal.App.4th at

p. 76 [the evidence is considered in the light most favorable to the prevailing party and all reasonable inferences are drawn in favor of the judgment].)

To the extent Ortiz contends that, as a matter of law, an agency takes action by merely listening in closed session to its counsel explain a theoretical way of possibly avoiding potential litigation, we reject the contention. Ortiz's strained interpretation of "action taken" would eviscerate an agency's ability to confer with its counsel regarding potential litigation matters, or even its ability to hold a closed session at all. Nothing in the Brown Act mandates such an extreme result.

## DISPOSITION

The judgment is affirmed. The District shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                        HULL            , Acting P. J.


We concur:


      BUTZ            , J.


      MURRAY          , J.


12